# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| RUSSELL F. SHEEHAN, as Administrator ) | CIVIL ACTION |
| of the Local 103, I.B.E.W. Health Benefit ) | NO. |
| Plan, the Electrical Workers Pension Fund, ) | |
| Local 103, I.B.E.W., the Electrical Workers ) | 04 - 10559NG |
| Deferred Income Fund, Local 103, I.B.E.W., ) | |
| the Joint Apprenticeship and Training Trust ) | MAGISTRATE JUDGE _Bowler_ |
| Fund, Local 103, I.B.E.W., and the ) | |
| Electrical Industry Labor-Management ) | RECEIPT # _54736_ |
| Cooperation Trust, ) | AMOUNT $ _150 -_ |
| Plaintiffs, ) | SUMMONS ISSUED _1_ |
| ) | LOCAL RULE 4.1 _____ |
| v. ) | WAIVER FORM _____ |
| ) | MCF ISSUED _____ |
| NETVERSANT-NEW ENGLAND, INC., ) | BY DPTY. CLK. _____ |
| ) | DATE _3-22-04_ |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

Plaintiffs, Russell F. Sheehan, in his capacity as the Administrator of five distinct trust funds, brings this action to enforce the terms of various collective bargaining agreements, as interpreted and found binding upon Defendant Netversant-New England, Inc. by a judgment in the form of an arbitration decision which has been enforced by a final judgment entered in *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002), *affirmed*, 324 F.3d 42 (1st Cir. 2003), and which found, *inter alia*, that the Defendant violated the terms of these collective bargaining agreements by failing to make contributions to the trust funds and file the required reports with the trust funds for all employees employed by Defendant who performed work within the scope of work clause of these collective bargaining agreements.

## JURISDICTION AND VENUE

1.    Plaintiffs bring this action under, and the jurisdiction of this Court is based upon,

§502(a)(3) and §515 of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. §1132(a)(3) and §1145, and §301(a) of the Labor Management Relations

Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.    Venue is proper in this Court pursuant to ERISA §502(e)(2), 29 U.S.C.

§1132(e)(2).

## PARTIES

3.    Plaintiffs Russell F. Sheehan ("Administrator") is a fiduciary as that term is

defined in ERISA §3(21), 29 U.S.C. §1002(21)(A), and is the Administrator of each of, and sues

on behalf of each of, the following trust funds: the Electrical Workers Pension Fund, Local 103,

I.B.E.W. (an "employee pension benefit plan" within the meaning of ERISA §3(2), 29 U.S.C.

§1002(2)); the Local 103, I.B.E.W. Health Benefit Plan (an "employee welfare benefit plan"

within the meaning of ERISA §3(1), 29 U.S.C. §1002(1)), the Electrical Workers Deferred

Income Fund, Local 103, I.B.E.W. (an "employee pension benefit plan" within the meaning of

ERISA §3(2), 29 U.S.C. §1002(2)); the Joint Apprenticeship and Training Trust Fund, Local

103, I.B.E.W. (an "employee welfare benefit plan" within the meaning of ERISA §3(1), 29

U.S.C. §1002(1)) (hereinafter collectively the "Funds"), and the Electrical Industry Labor-

Management Cooperation Trust (hereinafter the "LMCT"). Plaintiffs Administrator's regular

place of business is at 256 Freeport Street, Boston, Massachusetts.

4.    Defendant Netversant-New England, Inc. ("Netversant" or "Defendant") is a

Massachusetts corporation with its principal pace of business located at 100 Franklin Street, 5th

Floor, Boston, Massachusetts. Netversant was formerly known as JCI Communcations, Inc.

-2-

before its name was changed to Netversant - New England, Inc. JCI Communications, Inc. was formerly known as Jemd Com, Inc. before its name was changed to JCI Communciations, Inc. Defendant was and is an "employer" as defined by ERISA §3(5), 29 U.S.C. §1002(5).

GENERAL ALLEGATIONS

5.    The Funds are employee benefit plans maintained by employers and an employee organization within the meaning of ERISA §4(a), 29 U.S.C. §1003(a).

6.    The Administrator is a "fiduciary" within the meaning of ERISA §3(21) ( 29 U.S.C. §1002(21)) who is empowered to collect contributions owed to the Funds. The Administrator is also empowered to collect contributions owed to the LMCT.

7.    By signing a Letter of Assent in October 1998, Netversant agreed to the terms of a collective bargaining agreement between the Electrical Contractors Association of Greater Boston, Inc. Boston Chapter NECA and Local 103, I.B.E.W. (the "Union"), which was succeeded by subsequent agreements (referred to hereinafter as the "Collective Bargaining Agreement(s)").

8.    The Collective Bargaining Agreements included a dispute resolution mechanism that culminated in an arbitration proceeding before an arbitration panel designated as the Joint Conference Committee and comprised of members representing both employers and the Union. In January, 2002, the Union initiated arbitration and complained that Netversant had breached the Collective Bargaining Agreements by, among other things, assigning work covered by the Collective Bargaining Agreements to employees who were not members of the Union and failing to pay the required contributions to the Funds and LMCT for all employees performing work within the scope of work provision of the Collective Bargaining Agreements in violation of such Collective Bargaining Agreements. After a hearing, on February 4, 2002 the Joint Conference

-3-

Committee issued an award (the "Arbitration Award") in favor of the Union on each and every one of the alleged violations of the Collective Bargaining Agreements. A true copy of the Arbitration Award *sans* exhibits is attached hereto and incorporated herein by reference as Exhibit 1. The Arbitration Award was confirmed by a judgment entered in *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002) and affirmed by a final judgment entered on appeal by the United States Court of Appeals for the First Circuit and reported at 324 F.3d 42 (1st Cir. 2003).

9.      Under the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, Defendant Netversant owes contributions for employees of Netversant that performed work within the scope of work provisions of the Collective Bargaining Agreements for the period October 1, 1998 until Defendant complied with the Collective Bargaining Agreement, in an amount to be determined by the Court. Defendant Netversant has failed and refused to make the required contributions to the Funds and LMCT and otherwise comply with the Arbitration Award despite repeated demand to do so.

10.     The Collective Bargaining Agreements and the Arbitration Award required Netversant to (a) make monthly contributions to the Funds and LMCT at specified rates and (b) provide monthly payroll reports listing all employees for whom contributions are owed and listing all hours worked by covered employees, as well as providing the other information required by the reporting form. The Collective Bargaining Agreements required the monthly contributions and reports to arrive at the office of the Funds and LMCT by no later than the fifteenth (15th) day of the month following the month in which the hours were worked.

11.     Pursuant to ERISA §502(h) (29 U.S.C., §1132(h)), copies of this amended

-4-

complaint are being sent to the Secretary of Labor and the Secretary of the Treasury by certified mail.

## COUNT I
### (CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES FEES & EXPENSES)

12.    The Plaintiffs incorporate by reference the allegations in paragraphs 1 through 11 as if full restated.

13.    The Defendant Netversant has breached the Collective Bargaining Agreements, as interpreted and determined byArbitration Award, by failing to: (a) submit monthly payroll reports for all covered employees of Netversant in a timely fashion; and (b) make the contributions required by the Arbitration Award for the period October 1, 1998 to the present and on an ongoing basis for all employees of Netversant that performed work within the scope of work provisions of the Collective Bargaining Agreements.

14.    The Collective Bargaining Agreements requires an employer who becomes delinquent in the payment of contributions owed to the Funds and LMCT to furnish project specific records, including employment records and a current list of projects to include the names and addresses of the project owner, construction manager, general contractor, and the person for whom the employer has performed work, including each subcontractor or other person with whom Defendant has contracted or is under contract. Netversant is required by the Collective Bargaining Agreements and the Arbitration Award to provide such information from October 1, 1998 to the present, and as a continuing obligation. Netversant has breached the Collective Bargaining Agreements by failing to provide such information to the Funds and the LMCT.

15.    Pursuant to the Collective Bargaining Agreements, and the Collection Policy of the Trustees adopted pursuant to the authority granted under the Collective Bargaining

Agreements, Netversant is liable to the Funds and LMCT for interest at a rate of 1.5% per month from the date due until paid.

16.    In addition, under the Electrical Workers Pension Plan, Local 103, I.B.E.W., Netversant is liable for liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages equal to 20 percent of the amount of the unpaid contributions.

17.    In addition, effective November 21, 2003 and thereafter, under the Collection Policy of the Trustees of the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., Defendant Netversant is liable for liquidated damages in an amount equal to delinquent contributions owed as of December 1st multiplied by the net investment income allocation percentage to participant accounts as of November 30th of such year.

18.    Pursuant to the Collective Bargaining Agreements, and the Collection Policy of the Trustees adopted pursuant to the authority granted under the Collective Bargaining Agreements, Defendant Netversant is liable to the Plaintiffs in behalf of the Funds and LMCT for all costs of collection of amounts due, including but not limited to court costs, attorneys' fees, and accountants' or auditors' fees.

19.    Defendant Netversant's obligation to make contributions to the Funds in accordance with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, is enforceable pursuant to 29 U.S.C. §§301 and 1145.  Defendant Netversant's obligation to make contributions to the LMCT in accordance with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, is enforceable pursuant to 29 U.S.C. §301.

20.    As a direct result of Defendant's breach of its obligations under 29 U.S.C. §§ 301

and 1145 by failing to comply with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, the Funds and LMCT are owed an estimated combined amount in contributions of $2,000,000 based upon aggregate hours worked estimates supplied by Defendant and a partial audit conducted by the Plaintiffs.

21.    Pursuant to 29 U.S.C., §1132(g)(2)(A), Defendant Netversant owes the Funds the unpaid contributions.

22.    Pursuant to 29 U.S.C., §1132(g)(2)(B), Defendant Netversant owes the Funds interest on the unpaid contributions.

23.    Pursuant to 29 U.S.C., §1132(g)(2)(C), Defendant Netversant also owes the Funds an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20-percent of the contributions owed.

24.    Pursuant to 29 U.S.C., §1132(g)(2)(D), defendant owes the Funds its reasonable attorneys' fees and costs of this action.

25.    The Defendant Netversant has no legal defense to the payment of the contributions required by the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award.

## COUNT II
## (INJUNCTIVE RELIEF)

26.    The Plaintiffs incorporate by reference the allegations in paragraphs 1 through 25 as if full restated.

27.    Defendant Netversant's failure to produce the payroll reports and other records required pursuant to the Collective Bargaining Agreements, the Arbitration Award, and the Collection Policy of the Trustees of the Funds and LMCT, has prevented the Funds from

crediting employees with hours of service and from seeking to collect from other sources, such as by attachment of interests in contracts or making claims under payment bonds and from providing information to bonding and surety companies about the Plaintiffs' claims.

28.    Defendant Netversant's failure to make required contributions has resulted in a loss of investment income for the Funds and threatens their actuarial soundness, since in many cases the Funds continue to provide benefits or be obligated to provide benefits to employees and their beneficiaries. The ability of the Funds to meet their obligations pursuant to the employee benefit plans is and has been harmed by the Defendant's failure to make the contributions required under the Collective Bargaining Agreements.

29.    The Funds will suffer irreparable harm if Defendant Netversant is not ordered to specifically perform and comply with its obligations under the Collective Bargaining Agreements, the Arbitration Award, and the rules and regulations incorporated therein by paying on time, submitting the required reports, and providing project specific information because:

a.    the failure to timely pay contributions adversely affects the Funds' actuarial soundness, especially where they must continue to provide benefits to employees and their beneficiaries, and it increases the Funds' costs, while reducing their investment income;

b.    failure to submit required reports prevents the Funds from determining the amounts due and deprives them of critical information about the identity of persons working for the defendant and the hours worked, further preventing them from notifying those who might suffer loss of benefits as a result of the Defendant's failure to pay contributions when due;

c.    failure to submit required reports and respond to requests for project-specific information about projects, contractors, and bonding and surety companies deprives the Funds of the ability to make and recover through other sources or to obtain attachments to secure their claims.

WHEREFORE, Plaintiffs pray for the following relief:

1.    For judgment for the Plaintiffs against the Defendant Netversant as follows:

-8-

a.      For an estimated $2,000,000.00 in contributions for the period October 1, 1998 to the present and until Netversant complies with its obligations under the Collective Bargaining Agreements, or such other sum as may be due at judgment as determined by the Court, plus interest, costs and attorneys' fees;

b.      For additional interest on such additional contributions and liquidated damages due for additional months as are due on the date judgment is entered until all amounts due are paid in full;

c.      For the statutory amounts pursuant to ERISA §502(g)(2) (29 U.S.C. §1132(g)(2));

2.    For a temporary, preliminary and permanent injunction on Count II:

a.      ordering the Defendant Netversant to submit the required payroll reports referenced in paragraphs 13 hereof for period October 1, 1998 to the present within ten (10) days of the date of such order and further ordering the Defendant Netversant to submit the required monthly payroll reports required by paragraph 13 for each succeeding month on or before the fifteenth (15th) of the following month as required by the Collective Bargaining Agreement, and the rules and regulations incorporated therein; and

b.      ordering the Defendant Netversant to furnish the Plaintiff with project specific employment records, lists of projects, names and addresses of the project owner, general contractor, construction manager, or person to whom Netversant is under contract with or performing work for, as set forth in paragraph 14 hereof, within ten (10) days of the date of such order and to continue to furnish said information with the required monthly reports referenced in paragraph 13 hereof and paragraph 2.a. of this Prayer for Relief; and

3.    For such other relief as the Court deems proper.

RUSSELL F. SHEEHAN, as Administrator
of the Local 103, I.B.E.W. Health Benefit
Plan, the Electrical Workers Pension Fund,
Local 103, I.B.E.W., the Electrical Workers
Deferred Income Fund, Local 103, I.B.E.W.,
the Joint Apprenticeship and Training Trust
Fund, Local 103, I.B.E.W., and the
Electrical Industry Labor-Management,
Cooperation Trust,

By their attorney,

David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131

-10-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Russell F. Sheehan v. Netversant-New England, Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local
    rule 40.1(a)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.    04 - 10559NG

    ___    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                              YES ☐            NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28
    USC §2403)

                                              YES ☐            NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                              YES ☐            NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                              YES ☐            NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                              YES ☒            NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☒          Central Division ☐          Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division ☐          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                              YES ☐            NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   David W. Healey

ADDRESS   David W. Healey & Associates, 77 Franklin Street, Suite 805, Boston, MA  02110

TELEPHONE NO.   (617) 457-3131

DAVID W. HEALEY & ASSOCIATES
ATTORNEYS AT LAW

77 Franklin Street, Suite 805 • Boston, Massachusetts 02110
Phone: 617-457-3131 • Fax: 617-457-3133

March 22, 2004

**By Hand Delivery**

Clerk                                            04 - 10559NG
U.S. District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA  02210

       *Re:*    *Russell F. Sheehan, as Administrator of the Local 103, I.B.E.W. Health Benefit*
             *Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical*
             *Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship*
             *and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry*
             *Labor-Management Cooperation Trust v. Netversant-New England, Inc.*

Dear Sir/Madam:

       Enclosed for filing with respect to the above-referenced matter please find a Complaint,
Civil Cover Sheet, case category sheet, and filing fee.

       Thank you.

                              Very truly yours,

                              David W. Healey

DWH/
Enclosures
cc:    Russell F. Sheehan, Administrator

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS Russell F. Sheehan, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan,the Electrical Workers Pension Fund, Local 103, I.B.E.W., et al | DEFENDANTS Netversant-New England, Inc. |
|---|---|

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David W. Healey, David W. Healey & Associates
77 Franklin Street, Suite 805
Boston, MA  02110  (617) 457-3131

Attorney (If Known)

04-10559NG

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action to collect contributions under 29 USC §1145 and §185

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $2,000,000
(estimated)

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  3-22-04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____