UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,<br>　　　　　　　Plaintiffs,<br>v.<br><br>NETVERSANT-NEW ENGLAND, INC.,<br>　　　　　　　Defendant,<br>and<br><br>Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc.<br>　　　　Reach and Apply Defendants. | CIVIL ACTION<br>NO. 04-10559NG |

## MOTION FOR TEMPORARY RETRAINING ORDER/PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), Plaintiffs Russell F. Sheehan, in his capacity as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income) Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. (collectively the "Funds"), and the Electrical Industry Labor-Management Cooperation Trust (the "LMCT"), move this Court to issue a temporary restraining order and/or preliminary injunction in the following manner:

　　　　1.　　By enjoining Defendant Netversant-New England, Inc. ("Netversant") from

further violating the collective bargaining agreements as interpreted by an arbitration award and final judgment entitled *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002), *affirmed*, 324 F.3d 42 (1st Cir. 2003) (the "Arbitration Award") by ordering Netversant to submit the required payroll reports referenced in paragraph 15 of the Amended Complaint for each month during the period October 1, 1998 to the present within ten (10) days of the date of such order and further ordering Netversant to submit the required monthly payroll reports required by paragraph 15 for each succeeding month on or before the fifteenth (15th) of the following month as required by the collective bargaining agreement, and the rules and regulations incorporated therein; and

2. By enjoining Netversant from further violating the collective bargaining agreements and Arbitration Award by ordering Netversant to furnish the Plaintiffs with project specific employment records, lists of projects, names and addresses of the project owner, general contractor, construction manager, or person to whom Netversant is under contract with or performing work for, as set forth in paragraph 19 of the Amended Complaint, within ten (10) days of the date of such order and to continue to furnish said information with the required monthly reports referenced in paragraph 15 of the Amended Complaint.

3. By enjoining Netversant from further violation of the collective bargaining agreements by requiring that it pay to the Funds and LMCT all contributions owed pursuant to the Arbitration Award and/or deposit such sum with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure within ten (10) days of the date of the Court's Order.

4. For the Court to issue a temporary restraining order and/or preliminary injunction

2

enjoining Netversant from further assigning or encumbering any sums due or to become due from or on account of Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc., unless such assignment or encumbrance is to the Plaintiffs.

5. For the Court to issue a temporary restraining and/or preliminary injunction order against Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc. enjoining them from paying or having others pay on their behalf any monies due or that may become due in the future to Netversant (or on its behalf pay any of its principals, agents, parent companies, successors or assigns) until further order of this Court.

As grounds for their Motion, Plaintiffs refer the Court to the Memorandum and the Affidavit of Russell F. Sheehan filed with this Motion and to the following:

There is a substantial likelihood that the Plaintiffs will succeed on the merits of their action against Netversant in that a final judgment already exists against Netversant that requires it to file reports and make contributions to the Funds and LMCT for the same period in question for all employees who performed work within the covered scope of work clause of the collective bargaining agreements. Netversant has itself acknowledged that in excess of 140,000 hours were worked that fall into this category and that were not reported or paid and the Plaintiffs believe, based upon a one-year audit, that substantially more hours were worked for which contributions are owed.

There is a substantial threat that the Funds and LMCT will suffer irreparable harm if injunctive relief is not granted. If the Reach and Apply Defendants are not enjoined from paying

Netversant and Netversant enjoined from assigning or otherwise encumbering such amounts, such monies will unlikely be available to satisfy the judgment. If Netversant is not enjoined from further violation of the collective bargaining agreements and the final judgment expressed in the Arbitration Award by requiring it to file the monthly and project specific reports, the Funds will not be able to credit employees with hours worked for benefit eligibility purposes, which may result in loss of benefit eligibility. Nor will the Plaintiffs be able to ascertain further sources of money to collect the expected judgment of two million dollars that may result from collateral sources such as bonds, mechanics' liens, or through attachments.

The harm Plaintiffs will suffer if this Court does not issue a temporary and/or preliminary injunction is greater than any harm Netversant (and the Reach and Apply Defendants) might suffer because of the injunctions. As stated above, there is already a final judgment which requires Netversant to file these reports and pay the contributions owed to the Plaintiffs.

Granting the injunctions will not harm the public interest. As set forth more fully in the Memorandum, granting the injunctions will further the public interest.

Respectfully submitted,

RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,

By their attorney,

David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA 02110
(617) 457-3131

## CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on April 12, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to Robert Feldman, President, NetVersant-New England, Inc., 100 Franklin Street, Boston, MA 02110.

David W. Healey