## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,<br>                              Plaintiffs,<br>v.<br><br>NETVERSANT-NEW ENGLAND, INC.,<br>                              Defendant,<br>and<br><br>Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc.<br>          Reach and Apply Defendants. | CIVIL ACTION<br>NO. 04-10559NG |

## AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs, Russell F. Sheehan, in his capacity as the Administrator of five distinct trust funds, brings this action to enforce the terms of various collective bargaining agreements, as interpreted and found binding upon Defendant Netversant-New England, Inc. ("Netversant") by a judgment in the form of an arbitration decision which has been enforced by a final judgment entered in *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002), *affirmed*, 324 F.3d 42 (1st Cir. 2003), and which found, *inter alia*, that Netversant violated the terms of these collective bargaining agreements by failing to make contributions to these trust funds and file the required reports with these trust funds for all employees employed by Netversant who performed work within

the scope of work clause of these collective bargaining agreements.

## JURISDICTION AND VENUE

1.     Plaintiffs bring this action under, and the jurisdiction of this Court is based upon,
§502(a)(3) and §515 of the Employee Retirement Income Security Act of 1974, as amended
("ERISA"), 29 U.S.C. §1132(a)(3) and §1145, and §301(a) of the Labor Management Relations
Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.     Venue is proper in this Court pursuant to ERISA §502(e)(2), 29 U.S.C.
§1132(e)(2).

3.     The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over
Massachusetts state law reach and apply claims against Reach and Apply Defendants Walsh
Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare
System, Inc.

## PARTIES

4.     Plaintiffs Russell F. Sheehan ("Administrator") is a fiduciary as that term is
defined in ERISA §3(21), 29 U.S.C. §1002(21)(A), and is the Administrator of each of, and sues
on behalf of each of, the following trust funds: the Electrical Workers Pension Fund, Local 103,
I.B.E.W. (an "employee pension benefit plan" within the meaning of ERISA §3(2), 29 U.S.C.
§1002(2)); the Local 103, I.B.E.W. Health Benefit Plan (an "employee welfare benefit plan"
within the meaning of ERISA §3(1), 29 U.S.C. §1002(1)), the Electrical Workers Deferred
Income Fund, Local 103, I.B.E.W. (an "employee pension benefit plan" within the meaning of
ERISA §3(2), 29 U.S.C. §1002(2)); the Joint Apprenticeship and Training Trust Fund, Local
103, I.B.E.W. (an "employee welfare benefit plan" within the meaning of ERISA §3(1), 29
U.S.C. §1002(1)) (hereinafter collectively the "Funds"), and the Electrical Industry Labor-

-2-

Management Cooperation Trust (hereinafter the "LMCT"). The Administrator's regular place of business is at 256 Freeport Street, Boston, Massachusetts.

5.      Defendant Netversant-New England, Inc. ("Netversant" or "Defendant") is a Massachusetts corporation with its principal place of business located at 100 Franklin Street, 5th Floor, Boston, Massachusetts. Netversant was formerly known as JCI Communcations, Inc. before its name was changed to Netversant - New England, Inc. JCI Communications, Inc. was formerly known as Jemd Com, Inc. before its name was changed to JCI Communciations, Inc. Defendant was and is an "employer" as defined by ERISA §3(5), 29 U.S.C. §1002(5).

6.      Reach and Apply Defendant Walsh Brothers, Incorporated is a Massachusetts corporation with its principal place of business located at 210 Commercial Street, Boston, Massachusetts.

7.      Reach and Apply Defendant Maiuri Electrical Company is a Massachusetts corporation with its principal place of business located at 100 Ferncroft Road, Unit 211, Danvers, Massachusetts.

8.      Reach and Apply Defendant Daisy Electric, Inc. is a New Hampshire corporation with its principal place of business located at 6 Dixon Way, Seabrook, New Hampshire. Daisy Electric, Inc. has transacted business and contracted to supply services or things within the Commonwealth of Massachusetts within the meaning of M.G.L. c. 233A, §3(a) and (b).

9.      Reach and Apply Defendant Partners HealthCare System, Inc. is a Massachusetts corporation with its principal pace of business located at 800 Boylston Street, Suite 1150, Boston, Massachusetts.

## GENERAL ALLEGATIONS

10.     The Funds are employee benefit plans maintained by employers and an employee

organization within the meaning of ERISA §4(a), 29 U.S.C. §1003(a).

11.    The Administrator is a "fiduciary" within the meaning of ERISA §3(21) ( 29 U.S.C. §1002(21)) who is empowered to collect contributions owed to the Funds. The Administrator is also empowered to collect contributions owed to the LMCT.

12.    By signing a Letter of Assent in October 1998, Netversant agreed to the terms of a collective bargaining agreement between the Electrical Contractors Association of Greater Boston, Inc. Boston Chapter NECA and Local 103, I.B.E.W. (the "Union"), which was succeeded by subsequent agreements (referred to hereinafter as the "Collective Bargaining Agreement(s)").

13.    The Collective Bargaining Agreements included a dispute resolution mechanism that culminated in an arbitration proceeding before an arbitration panel designated as the Joint Conference Committee and comprised of members representing both employers and the Union. In January, 2002, the Union initiated arbitration and complained that Netversant had breached the Collective Bargaining Agreements by, among other things, assigning work covered by the Collective Bargaining Agreements to employees who were not members of the Union and failing to pay the required contributions to the Funds and LMCT for all employees performing work within the scope of work provision of the Collective Bargaining Agreements in violation of such Collective Bargaining Agreements. After a hearing, on February 4, 2002 the Joint Conference Committee issued an award (the "Arbitration Award") in favor of the Union on each and every one of the alleged violations of the Collective Bargaining Agreements. A true copy of the Arbitration Award *sans* exhibits is attached hereto and incorporated herein by reference as Exhibit 1. The Arbitration Award was confirmed by a judgment entered in *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union,*

*Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002) and affirmed by a judgment entered on appeal by the United States Court of Appeals for the First Circuit and reported at 324 F.3d 42 (1st Cir. 2003). These judgments are final.

14.    Under the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, Netversant owes contributions for employees of Netversant that performed work within the scope of work provisions of the Collective Bargaining Agreements for the period October 1, 1998 until Netversant complies with the Collective Bargaining Agreements, in an amount to be determined by the Court but estimated by Plaintiffs to equal $2,000,000. Defendant Netversant has failed and refused to make the required contributions to the Funds and LMCT and otherwise comply with the Arbitration Award despite repeated demand to do so.

15.    The Collective Bargaining Agreements and the Arbitration Award required Netversant to (a) make monthly contributions to the Funds and LMCT at specified rates and (b) provide monthly payroll reports listing all employees for whom contributions are owed and listing all hours worked by covered employees, as well as providing the other information required by the reporting form. The Collective Bargaining Agreements require the monthly contributions and reports to arrive at the office of the Funds and LMCT by no later than the fifteenth (15th) day of the month following the month in which the hours were worked.

16.    Pursuant to ERISA §502(h) (29 U.S.C., §1132(h)), copies of the Complaint filed in this action have been sent to the Secretary of Labor and the Secretary of the Treasury by certified mail.

## COUNT I
## (CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES
## FEES & EXPENSES)

17.     The Plaintiffs incorporate by reference the allegations in paragraphs 1 through 16 as if full restated.

18.     Netversant has breached the Collective Bargaining Agreements, as interpreted and determined byArbitration Award, by failing to: (a) submit monthly payroll reports for all covered employees of Netversant in a timely fashion; and (b) make the contributions required by the Arbitration Award for the period October 1, 1998 to the present and on an ongoing basis for all employees of Netversant that performed work within the scope of work provisions of the Collective Bargaining Agreements.

19.     The Collective Bargaining Agreements require an employer who becomes delinquent in the payment of contributions owed to the Funds and LMCT to furnish project specific records, including employment records and a current list of projects to include the names and addresses of the project owner, construction manager, general contractor, and the person for whom the employer has performed work, including each subcontractor or other person with whom Netversant has contracted or is under contract. Netversant is required by the Collective Bargaining Agreements and the Arbitration Award to provide such information from October 1, 1998 to the present, and as a continuing obligation. Netversant has breached the Collective Bargaining Agreements by failing to provide such information to the Funds and the LMCT.

20.     Pursuant to the Collective Bargaining Agreements, and the Collection Policy of the Trustees adopted pursuant to the authority granted under the Collective Bargaining Agreements, Netversant is liable to the Funds and LMCT for interest at a rate of 1.5% per month from the date due until paid.

-6-

21.    In addition, under the Electrical Workers Pension Plan, Local 103, I.B.E.W., Netversant is liable for liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages equal to 20 percent of the amount of the unpaid contributions.

22.    In addition, effective November 21, 2003 and thereafter, under the Collection Policy of the Trustees of the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., Netversant is liable for liquidated damages in an amount equal to the delinquent contributions owed as of December 1st multiplied by the net investment income allocation percentage to participant accounts as of November 30th of such year.

23.    Pursuant to the Collective Bargaining Agreements, and the Collection Policy of the Trustees adopted pursuant to the authority granted under the Collective Bargaining Agreements, Defendant Netversant is liable to the Plaintiffs in behalf of the Funds and LMCT for all costs of collection of amounts due, including but not limited to court costs, attorneys' fees, and accountants' or auditors' fees.

24.    Netversant's obligation to make contributions to the Funds in accordance with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, is enforceable pursuant to 29 U.S.C. §§301 and 1145.  Netversant's obligation to make contributions to the LMCT in accordance with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, is enforceable pursuant to 29 U.S.C. §301.

25.    As a direct result of Defendant's breach of its obligations under 29 U.S.C. §§ 301 and 1145 by failing to comply with the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award, the Funds and LMCT are owed an estimated combined amount in contributions of $2,000,000 based upon aggregate hours worked estimates supplied by

Defendant and a partial audit conducted by the Plaintiffs.

26.    Pursuant to 29 U.S.C., §1132(g)(2)(A), Netversant owes the Funds the unpaid contributions.

27.    Pursuant to 29 U.S.C., §1132(g)(2)(B), Netversant owes the Funds interest on the unpaid contributions.

28.    Pursuant to 29 U.S.C., §1132(g)(2)(C), Netversant also owes the Funds an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20-percent of the contributions owed.

29.    Pursuant to 29 U.S.C., §1132(g)(2)(D), Netversant owes the Funds its reasonable attorneys' fees and costs of this action.

30.    Netversant has no legal defense to the payment of the contributions required by the Collective Bargaining Agreements, as interpreted and determined by the Arbitration Award.

## COUNT II
## (INJUNCTIVE RELIEF)

31.    The Plaintiffs incorporate by reference the allegations in paragraphs 1 through 30 as if full restated.

32.    Netversant's failure to produce the payroll reports and other records required pursuant to the Collective Bargaining Agreements, the Arbitration Award, and the Collection Policy of the Trustees of the Funds and LMCT, has prevented the Funds from crediting employees with hours of service and from seeking to collect from other sources, such as by attachment of interests in contracts or making claims under payment bonds and from providing information to bonding and surety companies about the Plaintiffs' claims.

33.    Netversant's failure to make required contributions has resulted in a loss of

investment income for the Funds and threatens their actuarial soundness, since in many cases the Funds continue to provide benefits or be obligated to provide benefits to employees and their beneficiaries. The ability of the Funds to meet their obligations pursuant to the employee benefit plans is and has been harmed by the Defendant's failure to make the contributions required under the Collective Bargaining Agreements.

34.     The Funds will suffer irreparable harm if Netversant is not enjoined from further violating the Collective Bargaining Agreements and ordered to specifically perform and comply with its obligations under the Collective Bargaining Agreements, the Arbitration Award, and the rules and regulations incorporated therein by paying on time, submitting the required reports, and providing project specific information because:

   a.     the failure to timely pay contributions adversely affects the Funds' actuarial soundness, especially where they must continue to provide benefits to employees and their beneficiaries, and it increases the Funds' costs, while reducing their investment income;

   b.     failure to submit required reports prevents the Funds from determining the amounts due and deprives them of critical information about the identity of persons working for Netversant and the hours worked, further preventing them from notifying those who might suffer loss of benefits as a result of Netversant's failure to pay contributions when due; and

   c.     failure to submit required reports and respond to requests for project-specific information about projects, contractors, and bonding and surety companies deprives the Funds of the ability to make and recover through other sources or to obtain attachments to secure their claims.

## COUNT III
## (REACH AND APPLY/M.G.L.c. 214, §3(6))

35.     The Plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 as if full restated.

36.     Netversant is under contract with, or is owed presently money or may be owed

money in the future, from Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc. (collectively the "Reach and Apply Defendants").

37.     The Funds and the LMCT will suffer immediate and irreparable harm if the Reach and Apply Defendants, or anyone acting on their behalf or as surety, pay Netversant (or on its behalf pay any of its principals, agents, parent companies, successors or assigns) on their contracts as Netversant is unable to and/or has failed to pay the Plaintiffs, or to even report the hours worked by its employees as required by the Collective Bargaining Agreements, despite a final judgment that requires Netversant to do so.

38.     Plaintiffs are aware of no liability insurance or bonding, or other assets, by which Defendant Netversant could satisfy the approximately $2,000,000 amount owed to the Plaintiffs.

39.     An employer's failure to make required contributions adversely affects the Funds' and LMCT's financial integrity.  Lost contributions mean lost investment income.

40.     Unpaid contributions also adversely affect the Funds' actuarial soundness because, in many instances, the Funds continue to provide benefits to their employees and beneficiaries.  Consequently, Netversant's failure to pay the Funds the amounts due undermines the Funds' ability to meet their obligations to participants and their beneficiaries.

41.     The longer it takes to make the Funds whole, the more investment income is lost to the Funds and the more expenses are incurred, all to the detriment of the Funds' participants and beneficiaries.

42.     If the Funds and LMCT are deprived of the amounts due to Netversant from the Reach and Apply Defendants, it is unlikely Netversant will be able to pay the judgment which has already entered against it and the judgment in this case in an amount that will likely exceed

an estimated $2,000,000 as a result of interest, additional interest and liquidated damages, costs and attorneys' fees.

43.    The monies due or to become due from the Reach and Apply Defendants, whether payable by the Reach and Apply Defendants or through their insurers or sureties, should be reached and applied to satisfy the amounts due to the Funds and LMCT.

WHEREFORE, Plaintiffs pray for the following relief:

1.    On Count I, for judgment for the Plaintiffs against Netversant as follows:

a.    for an estimated $2,000,000.00 in contributions for the period October 1, 1998 to the present and until Netversant complies with its obligations under the Collective Bargaining Agreements, or such other sum as may be due at judgment as determined by the Court, plus interest, costs and attorneys' fees;

b.    for additional interest on such additional contributions and liquidated damages due for additional months as are due on the date judgment is entered until all amounts due are paid in full; and

c.    for the statutory amounts owed to the Funds pursuant to ERISA §502(g)(2) (29 U.S.C. §1132(g)(2)); and

d.    by enjoining Netversant from further violation of the Collective Bargaining Agreements by requiring that it pay to the Funds and LMCT all contributions owed pursuant to the Arbitration Award and/or deposit such sum with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure within ten (10) days of the date of the Court's Order.

2.    On Count II, for a temporary restraining order, preliminary and permanent injunction:

a.    enjoining Netversant from further violating the Collective Bargaining

-11-

Agreements and Arbitration Award by ordering Netversant to submit the required payroll reports referenced in paragraph 15 hereof for the period October 1, 1998 to the present within ten (10) days of the date of such order and further ordering Netversant to submit the required monthly payroll reports required by paragraph 15 for each succeeding month on or before the fifteenth (15th) of the following month as required by the Collective Bargaining Agreement, and the rules and regulations incorporated therein; and

      b.    enjoining Netversant from further violating the Collective Bargaining Agreements and Arbitration Award by ordering Netversant to furnish the Plaintiff with project specific employment records, lists of projects, names and addresses of the project owner, general contractor, construction manager, or person to whom Netversant is under contract with or performing work for, as set forth in paragraph 19 hereof, within ten (10) days of the date of such order and to continue to furnish said information with the required monthly reports referenced in paragraph 15 hereof and paragraph 2.a. of this Prayer for Relief; and

      3.    On Count III, for a temporary, preliminary and permanent injunction as follows:

      a.    for the Court to issue a temporary restraining order enjoining Netversant from assigning or encumbering any sums due or to become due from or on account of Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc., unless such assignment or encumbrance is to the Plaintiffs;

      b.    for the Court to issue a temporary restraining order against Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc. enjoining them from paying or having others pay on their behalf any monies due or that may become due in the future to Netversant (or on its behalf

-12-

pay any of its principals, agents, parent companies, successors or assigns) until further order of this Court;

      c.    for the Court to issue a preliminary and/or permanent injunction enjoining Netversant from assigning or encumbering any sums due or to become due from or on account of Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc., unless such assignment or encumbrance is to the Plaintiffs;

      d.    issue a preliminary and/or permanent injunction against Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc. enjoining them from paying or having others pay on their behalf any monies due or that may become due in the future to Netversant (or on its behalf pay any of its principals, agents, parent companies, successors or assigns) until further order of this Court; and

      e.    for the Court to order that any and all amounts due or to become due to Netversant from Reach and Apply Defendants Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners HealthCare System, Inc. be reached and applied toward payment of the judgment to be entered in favor of the Plaintiffs in this action.

    4.    For such other relief as the Court deems proper.

RUSSELL F. SHEEHAN, as Administrator
of the Local 103, I.B.E.W. Health Benefit
Plan, the Electrical Workers Pension Fund,
Local 103, I.B.E.W., the Electrical Workers
Deferred Income Fund, Local 103, I.B.E.W.,
the Joint Apprenticeship and Training Trust
Fund, Local 103, I.B.E.W., and the
Electrical Industry Labor-Management
Cooperation Trust,

By their attorney,

David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131

## CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on April 12, 2004 I caused to be served a copy of
this instrument by mailing same first class mail, postage prepaid, to Robert Feldman, President,
NetVersant-New England, Inc., 100 Franklin Street, Boston, MA  02110.

David W. Healey

-14-