UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator,<br><br>Plaintiff,<br><br>v.<br><br>NETVERSANT-NEW ENGLAND, INC. and Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners Healthcare Systems, Inc.,<br><br>Defendants. | Civil Action No. 04-10559NG |

## ANSWER

For its Answer to the numbered paragraphs contained in Plaintiff's Amended Complaint (the "Complaint"), Defendant NetVersant-New England, Inc. ("NetVersant") hereby responds and states as follows:

### INTRODUCTION

NetVersant states that the allegations contained in the first, unnumbered paragraph of the Complaint posit statements of Plaintiff's intent and grounds for suit to which no response is required.

### JURISDICTION AND VENUE

1. NetVersant states that the allegations contained in paragraph 1 of the Complaint state conclusions of law to which no response is required.

2. NetVersant states that the allegations contained in paragraph 2 of the Complaint state conclusions of law to which no response is required.

9441818_1

3. NetVersant states that the allegations contained in paragraph 3 of the Complaint state conclusions of law to which no response is required.

## PARTIES

4. NetVersant states that the allegations contained in paragraph 4 of the Complaint state conclusions of law to which no response is required. Further answering, NetVersant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's regular place of business or his status as Administrator of each of the Electrical Workers Pension Fund, Local 103, I.B.E.W.; the Local 103, I.B.E.W. Health Benefit Plan; the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.; the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. (collectively, for purposes herein, the "Funds"); or the Electrical Industry Labor-Management Cooperation Trust (the "LMCT").

5. NetVersant admits that it is a Massachusetts corporation with its principal place of business at 100 Franklin Street, Boston, Massachusetts; that it formerly did business as JCI Communications, Inc. before doing business as NetVersant-New England, Inc.; and that JCI Communications, Inc. formerly did business as JEMD-COM, Inc. before doing business as JCI Communications, Inc. Except as expressly admitted, NetVersant states that the allegations contained in paragraph 5 of the Complaint state conclusions of law to which no response is required.

6. NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. NetVersant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10. NetVersant states that the allegations contained in paragraph 10 of the Complaint state conclusions of law to which no response is required.

11. NetVersant states that the allegations contained in paragraph 11 of the Complaint state conclusions of law to which no response is required.  Further answering, to the extent that the allegations contained in paragraph 11 are allegations of fact, NetVersant states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

12. NetVersant admits that in October, 1998, it entered into a Letter of Assent (the "Letter of Assent"), which speaks for itself as to content.  Further answering, NetVersant admits that the Letter of Assent accepted the Electrical Contractors Association of Greater Boston, Inc., Boston Chapter, National Electrical Contractors Association, as NetVersant's collective bargaining representative with respect to the collective bargaining agreement then in effect between the Electrical Contractors Association of Greater Boston, Inc., Boston Chapter, National Electrical Contractors Association and Local 103 of the International Brotherhood of Electrical Workers ("Local 103") and subsequent collective bargaining agreements between Local 103 and the Electrical Contractors Association of Greater Boston, Inc., Boston Chapter, National Electrical Contractors Association (collectively, the "Collective Bargaining Agreements").  Except as expressly admitted, NetVersant denies the allegations contained in paragraph 12 of the Complaint.

13.     NetVersant states that the Collective Bargaining Agreements speak for themselves in all respects, including with respect to dispute resolution mechanisms.  Further answering, NetVersant admits that Local 103 demanded arbitration before the so-called Joint Conference Committee under the then-current collective bargaining agreement by letter dated January 21, 2002, which speaks for itself in all respects; and NetVersant admits that Local 103 alleged that NetVersant was in violation of the collective bargaining agreement then in effect.  NetVersant further admits that the Joint Conference Committee, after a hearing, issued an award dated February 4, 2002 (the "Arbitration Award"), which speaks for itself in all respects; and NetVersant admits that the document attached as Exhibit 1 to the Complaint appears to be a true copy of the Arbitration Award.  NetVersant admits that enforcement of the Arbitration Award was granted by the United States District Court for the District of Massachusetts by decision dated August 29, 2002, *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 WL 2005852 (D. Mass. 2002) (Zobel, J.), and that the District Court's decision was affirmed by the United States Court of Appeals for the First Circuit by opinion reported at 324 F.3d 42 (1st Cir. 2003).  To the extent that the allegations contained in paragraph 13 contain conclusions of law, NetVersant states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant denies the allegations contained in paragraph 13 of the Complaint.

14.     NetVersant denies the allegations contained in paragraph 14 of the Complaint.

15.     In response to the allegations contained in paragraph 15 of the Complaint, NetVersant avers that the Collective Bargaining Agreements and the Arbitration Award speak for themselves in all respects, including with respect to monthly contributions and payroll reporting.

16. NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

## COUNT I
## (CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES FEES & EXPENSES)

17. NetVersant hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 16 as if set forth fully at length herein.

18. NetVersant admits that it has not yet submitted monthly payroll reports in the manner specified in the Arbitration Award for all months beginning October 1, 1998 through the present, as negotiations between NetVersant, Local 103, and the International Brotherhood of Electrical Workers (the "International") – to which, upon information and belief, Plaintiff was privy, and in which Plaintiff participated in part – had been initiated following the Arbitration Award and sustained until very recently with respect to the effect of the Arbitration Award and the actions NetVersant was expected to take in light thereof. Except as expressly admitted, NetVersant denies the allegations contained in paragraph 18 of the Complaint.

19. NetVersant avers that the Collective Bargaining Agreements and the Arbitration Award speak for themselves in all respects, including with respect to records production and reporting requirements in the event that an employer becomes delinquent in the payment of contributions to the Funds or to the LMCT. Further answering, NetVersant admits that it was ordered by the Joint Conference Committee to produce certain records, as specified in the Arbitration Award, for the period from October 1, 1998 and as a continuing obligation; and NetVersant admits that it has not yet produced all such information on a monthly basis as specified by the Arbitration Award, as negotiations between NetVersant, Local 103, and the International – to which, upon information and belief, Plaintiff was privy, and in which Plaintiff

participated in part – had been initiated following the Arbitration Award and sustained until very recently with respect to the effect of the Arbitration Award and the actions NetVersant was expected to take in light thereof, including with respect to the records production ordered by the Arbitration Award.  Except as expressly admitted, NetVersant denies the allegations contained in paragraph 19 of the Complaint.

        20.       NetVersant denies the allegations contained in paragraph 20 of the Complaint.

        21.       NetVersant denies the allegations contained in paragraph 21 of the Complaint.

        22.       NetVersant denies the allegations contained in paragraph 22 of the Complaint.

        23.       NetVersant denies the allegations contained in paragraph 23 of the Complaint.

        24.       NetVersant denies the allegations contained in paragraph 24 of the Complaint.

        25.       NetVersant denies the allegations contained in paragraph 25 of the Complaint.

        26.       NetVersant denies the allegations contained in paragraph 26 of the Complaint.

        27.       NetVersant denies the allegations contained in paragraph 27 of the Complaint.

        28.       NetVersant denies the allegations contained in paragraph 28 of the Complaint.

        29.       NetVersant denies the allegations contained in paragraph 29 of the Complaint.

        30.       NetVersant denies the allegations contained in paragraph 30 of the Complaint.

## COUNT II
## (INJUNCTIVE RELIEF)

        31.       NetVersant hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 30 as if set forth fully at length herein.

        32.       NetVersant denies the allegations contained in paragraph 32 of the Complaint to the extent that they allege that NetVersant has failed to make any required payments of monies or has otherwise failed to act lawfully.  Except as expressly denied, NetVersant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. NetVersant denies the allegations contained in paragraph 33 of the Complaint to the extent that they allege that NetVersant has failed to make any required payments of monies or has otherwise failed to act lawfully. Except as expressly denied, NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. NetVersant denies the allegations contained in paragraph 34 of the Complaint and all sub-parts thereof.

### COUNT III
### (REACH AND APPLY/M.G.L.c. 214, §3(6))

35. NetVersant hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 34 as if set forth fully at length herein.

36. NetVersant admits that it is presently owed money by or may be owed money in the future by Maiuri Electrical Company and Partners HealthCare Systems, Inc. Except as expressly admitted, NetVersant denies the allegations contained in paragraph 36 of the Complaint.

37. NetVersant admits that it has not reported the hours worked by its employees on a monthly basis in the manner ordered by the Arbitration Award. Except as expressly admitted, NetVersant denies the allegations contained in paragraph 37 of the Complaint.

38. NetVersant avers that paragraph 38 of the Complaint states allegations of Plaintiff's knowledge which, by its nature, is knowable exclusively by the Plaintiff. Accordingly, NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. NetVersant denies the allegations contained in paragraph 40 of the Complaint to the extent that they allege that NetVersant has failed to make any required payments of monies or otherwise has failed to act lawfully. Except as expressly denied, NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. NetVersant denies the allegations contained in paragraph 41 of the Complaint to the extent that they allege that NetVersant has failed to make any required payments of monies or otherwise has failed to act lawfully. Except as expressly denied, NetVersant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. NetVersant denies the allegations contained in paragraph 42 of the Complaint.

43. NetVersant denies the allegations contained in paragraph 43 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel and unclean hands.

WHEREFORE, NetVersant prays that Plaintiff taken nothing by his Complaint, that the Court deny Plaintiff's requests for preliminary and/or permanent injunctive relief, that the Complaint and each and every count thereof be dismissed with prejudice, that judgment enter in

favor of NetVersant, and that NetVersant be awarded its costs, attorney's fees, and such other and further relief as the Court may deem warranted.

        NETVERSANT DEMANDS A TRIAL BY JURY.

                              NETVERSANT-NEW ENGLAND, INC.

                              By its attorneys,

                              /s/ David M. Stringer_____
                              David M. Mandel (BBO # 317000)
                              Steven A. Kaufman (BBO # 262230)
                              David M. Stringer (BBO # 643526)
                              ROPES & GRAY LLP
                              One International Place
                              Boston, Massachusetts 02110-2624
                              (617) 951-7000
                              dstringer@ropesgray.com

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

      I, David M. Stringer, hereby certify that on May 26, 2004, I caused to be served a true copy of the above document by delivering the same by hand to David W. Healy, Esq., David W. Healy & Associates, 77 Franklin Street, Suite 805, Boston, MA, 02110 (counsel for Plaintiff); and by U.S. Mail to the following: William J. Walsh, Walsh Brothers, Inc., 210 Commercial Street, Boston, MA, 02109; Paul Maiuri, President, Maiuri Electrical Company, 100 Ferncroft Road, Unit 211, Danvers, MA, 01923; Denise Herrera-Favaloro, President, Daisy Electrical, Inc., 6 Dixon Way, P.O. Box 2515, Seabrook, NH, 03874-2515; and Partners HealthCare System, Inc., Office of the General Counsel, Attn: Joan Stoddard, Esq., 50 Staniford Street, 10th Floor, Boston, MA, 02144.

                              /s/ David M. Stringer_____
                              David M. Stringer (BBO # 643526)