UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
RUSSELL F. SHEEHAN, as Administrator of the )
Local 103, I.B.E.W. Health Benefit Plan, the       )     CIVIL ACTION
Electrical Workers Pension Fund, Local 103,      )     NO. 04-10559NG
I.B.E.W., the Electrical Workers Deferred Income )
Fund, Local 103, I.B.E.W., the Joint                 )
Apprenticeship and Training Trust Fund, Local  )
103, I.B.E.W., and the Electrical Industry Labor- )
Management Cooperation Trust,                     )
                       Plaintiffs,                      )
v.                                                              )
                                                                )
NETVERSANT-NEW ENGLAND, INC.,          )
                       Defendant,                    )
and                                                           )
                                                                )
Walsh Brothers, Incorporated, Maiuri Electrical )
Company, Daisy Electric, Inc., and Partners     )
HealthCare System, Inc.                               )
            Reach and Apply Defendants.     )
_____)

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

In accordance with the Court's leave to file this Motion, Plaintiff Russell F. Sheehan, Administrator ("Administrator") respectfully requests that this Court issue an Order allowing the Administrator to serve upon Defendant Netversant-New England, Inc. ("Netversant") Interrogatories and Request for Production of Documents, in the form appended to this Motion as Exhibits A and B, commencing immediately and to order Netversant to file its answers to such Interrogatories and Request for Production of Documents within ten (10) days from the date of the Court's Order. As grounds for his Motion, the Administrator directs the Court to his Affidavit and Motion and Memorandum for Preliminary Injunction (Docket Entries #2, 3 and 4), and to the following:

1. All of the information sought by the Administrator in his limited expedited discovery requests appended to this Motion was and is required to be produced under the applicable collective bargaining agreements to which Netversant is bound. (See Docket Entries #3 and 4). In effect, Netversant has contractually agreed to produce the information sought to be produced by this Motion on a more expedited basis than that requested by the Administrator.

2. The monthly payroll information (employee names, addresses, hours worked, etc.) is necessary for the Administrator to prove the contributions owed to the Funds under the arbitration award and final judgment. In addition, the Court has stated at the hearing on June 14, 2004 that it will require summary judgment motions to be filed on or about September 1, 2004, and this information is crucial to establishing the Administrator's claim and obtaining judgment against the reach and apply defendants.

3. The project specific information is necessary on an expedited basis because the purpose of requiring employers who are determined to be delinquent by the Joint Conference Committee to provide such information under the collective bargaining agreements is to permit the Administrator to file under state law for mechanics' liens (M.G.L. c. 254, *et seq*.), surety bond claims (M.G.L. c. 149, §29 and 29A; 40 U.S.C. §§270a to 270f), reach and apply, trustee process, as well as other similar statutes that may be used to obtain contributions from other sources. All of these statutes require project specific information, such as project specific claim information,[1] and provide relatively short time periods in which claims must be filed.[2] Expedited discovery is warranted under these circumstances. See Prozina Shipping Co., LTD v. Thirty

---

[1] For example, a bond claim will require that the project be identified, the general contractor and other entities that are in privity of contract with Netversant will have to be notified and identified, and the amount owed on that project must be identified, which requires employee names and hours provided on a project specific basis.

[2] For example, M.G.L. c. 149, §29 requires notice to the principal under the bond (usually the general contractor) within 65 days of last performance of the labor.

Four Automobiles, 179 F.R.D. 41, 47 (D. Mass. 1998).

WHEREFORE, the Administrator respectfully requests that this Honorable Court issue an Order allowing him to commence immediately the discovery appended as Exhibits A and B to this Motion and for an order that Netversant respond or produce such discovery within ten (10) days of the date of the Court's Order.

    Respectfully submitted,

    RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,

    By their attorney,

    /s/ David W. Healey
    David W. Healey (BBO# 548262)
    DAVID W. HEALEY & ASSOCIATES
    77 Franklin Street, Suite 805
    Boston, MA  02110
    (617) 457-3131

## CERTIFICATE OF SERVICE

      I, David W. Healey, hereby certify that on June 21, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to Stephen A. Kaufman and David M. Mandel, Ropes and Gray, One International Place, Boston, MA  02110.

      /s/ David W. Healey
      David W. Healey