UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                  )
RUSSELL F. SHEEHAN, as Administrator of the  )
Local 103, I.B.E.W. Health Benefit Plan, the         )    CIVIL ACTION
Electrical Workers Pension Fund, Local 103,         )    NO. 04-10559NG
I.B.E.W., the Electrical Workers Deferred Income )
Fund, Local 103, I.B.E.W., the Joint                     )
Apprenticeship and Training Trust Fund, Local    )
103, I.B.E.W., and the Electrical Industry Labor- )
Management Cooperation Trust,                           )
                         Plaintiffs,            )
v.                                                                        )
                                                                          )
NETVERSANT-NEW ENGLAND, INC.,             )
                           Defendant,          )
and                                                                      )
                                                                          )
Walsh Brothers, Incorporated, Maiuri Electrical  )
Company, Daisy Electric, Inc., and Partners        )
HealthCare System, Inc.                                     )
        Reach and Apply Defendants.                     )
_____)

PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT NETVERSANT-NEW ENGLAND, INC.

      Pursuant to Federal Rule of Civil Procedure 33, Plaintiff submits the following interrogatories to Defendant Netversant-New England, Inc. to be answered under oath within ten (10) days of the date of the Court's Order allowing Plaintiff's Motion for Expedited Discovery or such other time period as may be ordered by the Court. These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

      In answering these interrogatories, the Defendant is required to set out each responsive fact, circumstance, act or course of conduct known to Defendant, its agents, attorneys, or other persons acting on its behalf or under its control, or about which any of them have information.

DEFINITIONS

      "Covered Area" means the following Massachusetts cities or towns: Acton, Amesbury, Andover, Arlington, Bedford, Bellingham, Belmont, Beverly, Billerica, Boston, Boxborough, Boxford, Braintree, Brookline, Burlington, Cambridge, Canton, Carlisle, Chelmsford, Chelsea, Cohasset, Concord, Danvers, Dedham, Dover, Dracut, Dunstable, Essex, Everett, Foxborough, Framingham, Franklin, Georgetown, Gloucester, Groveland, Hamilton, Haverill, Hingham,

Holliston, Hull, Ipswich, Lawrence, Lexington, Lincoln, Littleton, Lowell, Lynn, Lynnfield, Malden, Manchester, Marblehead, Maynard, Medfield, Medford, Medway, Melrose, Merrimac, Methuen, Middleton, Millis, Milton, Nahant, Natick, Needham, Newbury, Newburyport, Newton, Norfolk, North Andover, North Reading, Norwood, Peabody, Quincy, Reading, Revere, Rowley, Rockport, Salem, Salisbury, Saugus, Sharon, Sherborn, Somerville, Stoneham, Sudbury, Swamscott, Tewksbury, Topsfield, Tyngsboro, Wakefield, Walpole, Waltham, Watertown, Wayland, Wellesley, Wenham, West Newbury, Westford, Weston, Westwood, Weymouth, Wilmington, Winchester, Winthrop, Woburn, and Wrenthem.  In addition to the above, "Covered Area" shall also include island or harbor work that falls within the territorial jurisdiction of Local 103, I.B.E.W.

"Defendant" shall mean Jemd Com, Inc. , JCI Communcations, Inc. and/or Netversant-New England, Inc.

"Employee" shall mean and include any past or present employee of Jemd Com, Inc. , JCI Communcations, Inc. and/or Netversant-New England, Inc., and irrespective of whether such employee is a union employee or not, or whether or not such employee is a member of Local 103, I.B.E.W., Local 2222 IBEW or any other local union.

"Scope of Work" means the performance of the following tasks and jobs in the Covered Area and which is inherently power limited as defined by the National and State Electrical Code: All inside and outside plant installation, operation, inspection, maintenance repair and service of radio, television, video, recording voice, sound, nurse calls, emergency call, microwave and visual production and reproduction apparatus, equipment and appliances used for domestic commercial, educational and entertainment purposes; all installation and erection of equipment, apparatus or appliance, cables, fiber optics and/or wire, emergency power (batteries) and all directly related work, which becomes an integral part of the telecommunication and/or telecommunication related systems repair and service maintenance work of telecommunication systems and devices, including, but not limited to, Private Branch Exchanges (PBX-PABX), Key equipment and associated devices, PCM, T1, and/or telephone related systems, customer-owned or employer-owned.  The repair, maintenance and operation of fire alarm systems.  The installation, repair, maintenance and operation of holdup alarm, burglar alarm surveillance systems, CCTV, CATV, card access, Systems RS 232 ethernet and/or any local area network systems associated with computer installation.

## INTERROGATORIES

1.     Please identify, ***for each calendar month separately*** beginning with October 1998 and for each calendar month thereafter through to and including June 2004 (and for each month after June, 2004 to be thereafter supplemented under Federal Rule of Civil Procedure 26(e)), the following:

      a)     The name, last know address, and Social Security Number of every Employee for such month who performed tasks or jobs within the Scope of Work.

      b)     The number of straight time total clock hours performed by such Employee while performing tasks or jobs within the Scope of Work.

      c)      For any Employee identified by your response to this Interrogatory, state whether the Employee was for such calendar month an apprentice and the year of completion of the Employee's apprenticeship in such calendar month.

      d)      For any Employee identified by your response to this Interrogatory, identify if the Employee, for the calendar month in question, had the authority, in the interest of Defendant, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

2.      Please identify, *__for each calendar month separately__* beginning with February 4, 2002 and for each calendar month thereafter through to and including June 2004 (and for each month after June, 2004 to be thereafter supplemented under Federal Rule of Civil Procedure 26(e)), the following:

      a)      The name, last know address, and Social Security Number of every Employee for such month who performed tasks or jobs within the Scope of Work broken down separately by each project or contract serviced.

      b)      The number of straight time total clock hours performed by such Employee while performing tasks or jobs within the Scope of Work broken down separately by each project or contract serviced.

      c)      For any Employee identified by your response to this Interrogatory, state whether the Employee is for such calendar month an apprentice and the year of completion of the Employee's apprenticeship in such calendar month.

      d)      For any Employee identified by your response to this Interrogatory, identify if the Employee, for the calendar month in question, had the authority, in the interest of Defendant, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

      e)      Identify with respect to your response to Interrogatory 2, (b), each of the following:

            a)      The name and last known address of the person or entity with whom Defendant has or had contracted. This includes any arrangement by Defendant to perform tasks, jobs, services or supply equipment to a person, association or entity, including itself, and whether or not Defendant was actually paid for same.

            b)      The property address where such task or job was performed, including the suite or apartment number.

      c)      The name and last known address of the general contractor, owner, and each subcontractor in a tier higher than the Defendant (*i.e.*, closer in privity of contract with the owner or general contractor).

      d)      Every surety performance or payment bond in effect on any of the projects, contracts or jobs worked on by Defendant, whether or not such bond was or is given by Defendant or by another subcontractor or general contractor.

      e)      Whether such project or contract was publicly owned.

      f)      Identify for each project or contract referred to in this Interrogatory all amounts owed or that will be owed to Defendant and identify any retention being held by the party to the contract with Defendant, general contractor, subcontractor or owner.

      g)      The name and telephone number of the contact person of any entity or person identified in your responses to (a) through (d) of this Interrogatory.

ANSWERS TO THESE INTERROGATORIES MUST BE SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated at Boston, Massachusetts this 20th day of June, 2004.

> RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,
>
> By their attorney,
>
> /s/ David W. Healey
> David W. Healey (BBO# 548262)
> DAVID W. HEALEY & ASSOCIATES
> 77 Franklin Street, Suite 805
> Boston, MA  02110
> (617) 457-3131

CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on June 21, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to Stephen A. Kaufman and David M. Mandel, Ropes and Gray, One International Place, Boston, MA  02110.

> /s/ David W. Healey
> David W. Healey