UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
RUSSELL F. SHEEHAN, as Administrator of the )
Local 103, I.B.E.W. Health Benefit Plan, the ) CIVIL ACTION
Electrical Workers Pension Fund, Local 103, ) NO. 04-10559NG
I.B.E.W., the Electrical Workers Deferred Income )
Fund, Local 103, I.B.E.W., the Joint )
Apprenticeship and Training Trust Fund, Local )
103, I.B.E.W., and the Electrical Industry Labor- )
Management Cooperation Trust, )
                     Plaintiffs, )
v. )
)
NETVERSANT-NEW ENGLAND, INC., )
                     Defendant, )
and )
)
Walsh Brothers, Incorporated, Maiuri Electrical )
Company, Daisy Electric, Inc., and Partners )
HealthCare System, Inc. )
                 Reach and Apply Defendants. )
_____)

**MEMORANDUM IN SUPPORT OF MOTION FOR
AN ORDER OF ATTACHMENT BY TRUSTEE PROCESS**

This is an action brought by Plaintiff, Russell F. Sheehan, in his capacity as the Administrator (the "Administrator") of five distinct trust funds, to enforce the terms of various collective bargaining agreements, as interpreted and found binding upon Defendant Netversant-New England, Inc. ("Netversant") by a judgment in the form of an arbitration decision which has been enforced by a final judgment entered in *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 U.S. Dist. LEXIS 16283 (D. Mass. 2002), *affirmed*, 324 F.3d 42 (1st Cir. 2003), and which found, *inter alia*, that Netversant violated the terms of these collective bargaining agreements by failing to make contributions to these trust funds and file the required reports with these trust funds for all

employees employed by Netversant who performed work within the scope of work clause of these collective bargaining agreements. Netversant has refused and failed to comply with the judgment.

ARGUMENT

I. THE ADMINISTRATOR MAY ATTACH MONIES, GOODS AND CREDITS OWED NETVERSANT BY MAIURI ELECTRICAL COMPANY AND PARTNERS HEALTHCARE SYSTEM, INC. UNDER APPLICABLE STATE REMEDIES CONCERNING TRUSTEE PROCESS.

    A. Federal Rule of Civil Procedure 64 Provides That State Law Remedies For Seizure of Property Are Applicable in Federal Actions.

Rule 64 of the Federal Rules of Civil Procedure holds that state law provides the basis for seizure of property subsequent to the commencement of an action. As stated by Rule 64:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

Rule 64 applies to all actions, both statutory and common law causes of action. See Wright and Miller, Federal Practice and Procedure, §2931. Therefore the remedy of trustee process is available under Rule 64 in the present case.

B.      <u>G.L.c.246, §1 and Rule 4.2 of the Massachusetts Rules of Civil Procedure Provide For Use of Trustee Process</u>.

Massachusetts General Laws c.246, §1 provides in pertinent part:

> Trustee process may be used in accordance with the applicable rules of court in connection with the commencement of all personal actions...and any person may be summoned as trustee of the defendant therein....

While in some cases a bond must be posted under G.L.c.246, where money is due under a judgment or a contract in writing, there is no need to post a bond under the statute.  See <u>Mazzola v. Kurkjian</u>, 361 Mass. 886, 282 N.E.2d 684 (1972); <u>Ricciardi & Sons Const., Inc. v. Oman Realty Associates Trust</u>, 359 Mass. 755, 269 N.E.2d 702 (1971).  Trustee process is a statutory procedure which enables a creditor to attach monies, goods or credits of a debtor which are in the possession of a third person.  Massachusetts G.L. c. 246, §24 provides that "[m]oney or any other thing due to the defendant" may be attached even before it has become payable.  As such, trustee process is a remedy "corresponding or equivalent" to those remedies enumerated in Fed. R. Civ. P. 64, including attachment.  Indeed, the Reporters Notes to Mass. R. Civ. P. 4.2 suggests that the rule was deliberately drafted in a form similar to Mass. R. Civ. P. 4.1, which governs attachment generally.

The Massachusetts Rules of Civil Procedure pertaining to attachments set forth the standards which also apply to trustee process.  M.R.C.P. 4.2 and M.R.C.P. Rule 4.1(f) provide that an order approving attachments of property may be entered upon findings by the Court there is a "reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment."  This standard

is easily established here.

## II.   THERE IS A REASONABLE LIKELIHOOD PLAINTIFF WILL RECOVER JUDGMENT.

There is already a final judgment in this case which the Administrator seeks to enforce and which establishes the liability of Netversant. See JCI Communications, Inc. d/b/a Netversant-New England v. IBEW, Local 103, 324 F.3d 42, 48 (1st Cir. 2003). The arbitration decision referenced in *JCI Communications* specifically determined that Netversant was required to make contributions to Plaintiff's trust funds for hours worked at rates set forth in the collective bargaining agreement regardless of whether the employees of Netversant were members of local 2222 or 103, so long as they were performing tasks or jobs within the scope of work clause of the IBEW local 103 collective bargaining agreements. As stated by the First Circuit in construing the arbitration award:

> It is true that until and unless JCI withdraws from the Telecommunications Labor Agreement, JCI will have to pay Local 103 for the privilege of using Local 2222 members to do work the Committee found to be within the scope of the Telecommunications Labor Agreement. That may deter JCI from using Local 2222 workers, and Local 2222 may feel its contract is violated and grieve as a result. But that is a problem of the company's own making.

Id., at 48. The decision by the arbitrators upheld all of the charges brought by Local 103, I.B.E.W. in the arbitration, including the following specific charge:

> Business Agent Monahan testified and presented evidence alleging NetVersant/JCI violated Sections 4.01 through 4.08 by not paying fringe benefits and working assessments as required on employees covered under the terms of the Telecommunications Agreement.

See Affidavit of Russell F. Sheehan, Docket #4, Exhibit 1, p. 1. These sections govern in part the requirement that Netversant make contributions to the trust funds at specified rates per each

hour worked.  See Affidavit of Russell F. Sheehan, ¶4.  The decision of the arbitrators states:

> The Joint Conference Committee finds that there was substantial evidence to support all of the allegations alleged by the Union....As part of its prior obligation and continuing obligation, NetVersant/JCI shall also be required to make any and all appropriate contributions to any applicable Local 103 Electrical Construction Trust Funds who were deprived of contributions as a result of the foregoing violations.

Id. Affidavit of Russell F. Sheehan, Docket #4, Exhibit 1, pp.1, 4.  Netversant owes the Funds and LMCT at least $1,392,278 for the period October 1, 1998 to the present under the Arbitration Award based upon *known* under-reported hours.  See Affidavit of Russell F. Sheehan, ¶5. Netversant provided the Plaintiff with a letter that reported 132,851 straight time hours in previously under-reported hours within the scope of work provisions of the collective bargaining agreements.  Affidavit of Russell F. Sheehan, Exhibit 1.  While this is not all of hours since it covers a reduced time period, and while the contribution rates have increased frequently during the period October 1, 1998 to the present, even using the lowest rates in effect during October, 1998, and applying this rate to all of the under-reported hours for the entire period ($10.48 per hour for all of the Plaintiff trust funds multiplied by 132,851 straight time hours), a total principal obligation of $1,392,278 would be owed even using Netversant's own previously reported hours and the lowest rate in effect in October 1998.  Thus there is a reasonable likelihood that Plaintiff will prevail in this action and that it will be owed at least $1,392,278.

Netversant bears the burden under Massachusetts Rules of Civil Procedure, Rule 4.2(c) of showing that there exists liability insurance to reduce the claimed attachment amount.  Plaintiff is unaware of any liability insurance available to cover his claim.  Affidavit of Russell F. Sheehan, ¶7.

III.    **PLAINTIFF NEED NOT A POST BOND UNDER MASSACHUSETTS G.L.c. 246, §1.**

No bond need be filed in an action for trustee process where the complaint alleges that the action is *inter alia* for money due under a contract in writing or to enforce a final judgment.  G.L. c. 246, §1.  Both of these allegations are contained in the Amended Complaint in this action.  Therefore, no bond is required.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that this Court allow his Motion for Order of Attachment by Trustee Process.

Respectfully submitted,

RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,

By his attorney,

/s/David W. Healey
David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131

CERTIFICATE OF SERVICE

      I, David W. Healey, hereby certify that on June 28, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to the following: David M. Mandel and Stephen A. Kaufman, Ropes and Gray, One International Place, Boston, MA 02110; Paul Maiuri, President, Maiuri Electrical Company, 100 Ferncroft Road, Unit 211, Danvers, Massachusetts 01923; and President, Partners HealthCare System, Inc., 50 Staniford Street, Suite 1000, Boston, MA 02114.

      /s/David W. Healey  
      David W. Healey