UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
RUSSELL F. SHEEHAN, as Administrator of the  )
Local 103, I.B.E.W. Health Benefit Plan, the )   CIVIL ACTION
Electrical Workers Pension Fund, Local 103,  )   NO. 04-10559NG
I.B.E.W., the Electrical Workers Deferred Income )
Fund, Local 103, I.B.E.W., the Joint         )
Apprenticeship and Training Trust Fund, Local )
103, I.B.E.W., and the Electrical Industry Labor- )
Management Cooperation Trust,                )
                        Plaintiffs,             )
v.                                           )
                                              )
NETVERSANT-NEW ENGLAND, INC.,                )
                     Defendant,              )
and                                          )
                                              )
Walsh Brothers, Incorporated, Maiuri Electrical )
Company, Daisy Electric, Inc., and Partners  )
HealthCare System, Inc.                      )
           Reach and Apply Defendants.           )
_____)

## AFFIDAVIT OF RUSSELL F. SHEEHAN

I, Russell F. Sheehan, being first duly sworn, hereby depose and say of my own personal knowledge and belief:

1.    I am the Administrator of the following trust funds: the Electrical Workers Pension Fund, Local 103, I.B.E.W.; the Local 103, I.B.E.W. Health Benefit Plan; the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.; the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W.; and the Electrical Industry Labor-Management Cooperation Trust ("LMCT")(hereinafter collectively the "Funds"). I have served in the capacity of Administrator since 1995.

2.    The collective bargaining agreements to which the Defendant Netversant-New England, Inc. ("Netversant") is signatory (during the period October 1, 1998 through the present and

ongoing) included a dispute resolution mechanism that culminated in an arbitration proceeding before an arbitration panel designated as the Joint Conference Committee and comprised of members representing both employers and Local 103, I.B.E.W. (the "Union"). In January, 2002, the Union initiated arbitration and complained that Netversant had breached the collective bargaining agreements by, among other things, assigning work covered by the collective bargaining agreements to employees who were not members of the Union and failing to pay the required contributions to the Funds and LMCT for all employees performing work within the scope of work provision of the collective bargaining agreements in violation of such collective bargaining agreements. After a hearing, on February 4, 2002 the Joint Conference Committee issued an award (the "Arbitration Award") in favor of the Union on each and every one of the alleged violations of the collective bargaining agreements. A true copy of the Arbitration Award without the appended exhibits is attached to my prior affidavit filed with the Court as Docket #4.

3.  Under the collective bargaining agreements, as interpreted and determined by the Arbitration Award, Netversant owes contributions for employees of Netversant that performed work within the scope of work provisions of the collective bargaining agreements for the period October 1, 1998 through the present and ongoing.

4.  The collective bargaining agreements and the Arbitration Award required Netversant to (a) make monthly contributions to the Funds and LMCT at specified rates and (b) provide monthly payroll reports listing all employees for whom contributions are owed and listing all hours worked by covered employees, as well as providing the other information required by the reporting form. The collective bargaining agreements required the monthly contributions and reports to arrive at the office of the Funds and LMCT by no later than the fifteenth (15th) day of the month following the month in which the hours were worked.

5.      Netversant owes the Funds and LMCT at least $1,392,278. This amount is based upon the following information received by the Funds and LMCT. Defendant reported that 132,851 straight time hours had been worked and not previously reported under the scope of work clause for the period November 1, 1998 through December 6, 2003. A true copy of a letter dated January 9, 2004 from the Defendant is attached hereto and incorporated herein by reference as Exhibit 1. This is not all of hours for which contributions are claimed to be owed under the collective bargaining agreements and arbitration award. In addition, contribution rates have increased frequently during the period after October 1, 1998, which would make the amount owed significantly higher. In October, 1998, the contribution rates were as follows on a per hour basis: $5.00 to the Health Plan, $3.25 to the Pension Fund, $2.00 to the Deferred Income Fund, and $.23 to the Joint Apprenticship Trust. Still, even using the lowest rates in effect during October, 1998 and applying this lowest rate schedule to all of the under-reported hours (*i.e.*, multiplying $10.48 per hour by 132,851 hours), a total principal obligation of at least $1,392,278 would be owed.

6.      On information and belief, Netversant is due monies or other sums from Maiuri Electrical Corporation and Partners HealthCare Sytem, Inc.

7.      I have no knowledge of any liability insurance which would be available to pay any judgment the Funds and LMCT are awarded in this litigation.

Signed and sworn to under the pains and penalties of perjury this 25th day of June, 2004.

/s/Russell F. Sheehan  
Russell F. Sheehan