UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
RUSSELL F. SHEEHAN, as Administrator of the )
Local 103, I.B.E.W. Health Benefit Plan, the      )   CIVIL ACTION
Electrical Workers Pension Fund, Local 103,     )   NO. 04-10559NG
I.B.E.W., the Electrical Workers Deferred Income )
Fund, Local 103, I.B.E.W., the Joint                 )
Apprenticeship and Training Trust Fund, Local  )
103, I.B.E.W., and the Electrical Industry Labor- )
Management Cooperation Trust,                      )
                           Plaintiffs,              )
v.                                                                   )
                                                                    )
NETVERSANT-NEW ENGLAND, INC.,         )
                          Defendant,        )
and                                                                )
                                                                    )
Walsh Brothers, Incorporated, Maiuri Electrical )
Company, Daisy Electric, Inc., and Partners     )
HealthCare System, Inc.                               )
              Reach and Apply Defendants.            )
_____)

## PLAINTIFF'S RESPONSE TO NETVERSANT'S
## PROPOSED DISCOVERY SCHEDULE

The Plaintiff, Russell F. Sheehan, opposes Defendant's Netversant-New England, Inc.'s ("Netversant") proposed discovery schedule. Netversant is incorrect when it states that the Court ordered from the bench that the parties file a joint discovery plan and that this plan must permit summary judgment motions to be *heard* at hearing by September 1, 2004. The Court's order, which is reflected on the docket entry dated June 14, 2004 in the clerk's notation, did not include such an order or such a short time frame that would effectively deny the Plaintiff an opportunity to complete discovery necessary to his case, especially in light of Netversant's objection to providing the expedited discovery requested by the Plaintiff and in light of the fact that Netversant excuses itself from the very summary judgment filing deadline that it proposes

Plaintiff satisfy.[1] It is already July and the Court has not yet allowed general discovery to commence. To require that *Plaintiff's* summary judgment motion be filed by August 16th, as proposed by Netversant, when Plaintiff has not even begun discovery would effectively deny Plaintiff discovery in this case. Netversant is still refusing to produce the payroll information in a format required for proof of contributions owed under the collective bargaining agreement. Plaintiff will need two to three months to complete discovery depending on when the Court permits general discovery to commence and whether the Court allows Plaintiff's Motion for Expedited Discovery.[2] If the Court denies Plaintiff's Motion for Expedited Discovery or follows Netversant's request and requires Plaintiff to conduct a time consuming and expensive audit of payroll records of Netversant for the six year period, it will delay these proceedings beyond the time period contemplated by the Court when it considered imposing a September 1, 2004 summary judgment filing date for the parties.

In addition, Plaintiff intends to seek discovery on whether the parent corporation of Netversant may also be liable as an alter ego of Netversant. Unless the Court orders respondents less time than that contemplated by the rules to produce this discovery, Plaintiff will need at least 30 days under Rules 33 and 34 to obtain responses to issued interrogatories and requests for production of documents, followed by a period for depositions and requests for admissions, once the Court has allowed discovery to commence. As a result, Plaintiff would suggest the following discovery schedule and deadline for filing *by both parties* of summary judgment motions.

---

[1] Netversant excuses itself in proposing a summary judgment filing deadline. Netversant should not have the benefit of a longer period than Plaintiff in filing for summary judgment.

[2] This time period may be shortened if the Court were to shorten the time period under the rules in which all discovery must be produced, not just the limited discovery requested by Plaintiff's Motion for Expedited Discovery.

**Interrogatories and Requests for Production of Documents**. The parties should be given seven days after the Court's order permitting commencement of discovery and its decision on Plaintiff's Motion for Expedited Discovery to serve interrogatories and request for production of documents. Plaintiff's interrogatories and request for production of documents would be in addition to the proposed first set of interrogatories and first production of documents requested on an expedited basis.

**Depositions**.  Depositions should be completed within forty-five (45) days after the Court's order permitting commencement of discovery and its decision on Plaintiff's Motion for Expedited Discovery.

**Requests for Admissions**.   Requests for admissions should be served within sixty (60) days after the Court's order permitting commencement of discovery and its decision on Plaintiff's Motion for Expedited Discovery.

**Summary Judgment Motions**. Summary judgment motions should be scheduled to be filed within 100 days after the Court's order permitting commencement of discovery and its decision on Plaintiff's Motion for Expedited Discovery.

Respectfully submitted,

RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W., the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W., and the Electrical Industry Labor-Management Cooperation Trust,

By his attorney,


/s/David W. Healey
David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131

## CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on June 30, 2004 I caused to be served a copy of this instrument electronically to the following: David M. Mandel and Stephen A. Kaufman, Ropes and Gray, One International Place, Boston, MA  02110.

/s/David W. Healey
David W. Healey