UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator,<br><br>Plaintiff,<br><br>v.<br><br>NETVERSANT-NEW ENGLAND, INC. and Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners Healthcare Systems, Inc.,<br><br>Defendants.<br><br>and<br><br>NETVERSANT-NEW ENGLAND, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO-CLC, LOCAL UNION 103 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, FRANK J. CARROLL and PAUL WARD,<br><br>Third-Party Defendants. | Civil Action No. 04-10559NMG |

**MOTION FOR LEAVE TO FILE AND TO
SERVE A THIRD-PARTY COMPLAINT**

Defendant and proposed Third-Party Plaintiff NetVersant-New England, Inc. ("NetVersant" or the "Company") moves this Court for leave pursuant to Fed. R. Civ. P. 14(a) to file and to serve the attached proposed Third-Party Complaint against the International Brotherhood of Electrical Workers ("IBEW"), Local 103 of the IBEW, and two officials of Local

103 of the IBEW, Frank J. Carroll and Paul Ward (collectively "Proposed Third-Party Defendants").  NetVersant is the victim of material misrepresentations made by an international union, one of its locals, and union officials.  The misrepresentations concerned the unions' assent to a so-called Jurisdictional Agreement allocating work among members of two locals of the international.  As set forth in the proposed Third-Party Complaint, those misrepresentations have caused NetVersant substantial business harm and exposed the Company to significant claims, including those asserted against NetVersant by Administrator Russell F. Sheehan in the above-captioned action.  By the proposed Third-Party Complaint, NetVersant seeks indemnification and contribution for any and all liabilities that it may incur in connection with the above-captioned action.

The allegations made in the proposed Third-Party Complaint, if proven, would establish derivative liability on the part of the proposed Third-Party Defendants, and impleading them now would not unduly burden them or delay the pending action.  A defendant, with leave of court, may implead any non-party "who is or *may be* liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed.R.Civ.P. 14(a) (emphasis added).  Such leave should be granted liberally whenever a colorable claim of derivative liability has been asserted and its assertion would not unduly delay or otherwise prejudice the ongoing proceedings.  *See Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir.1993); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983).

In further support of this motion, NetVersant submits the accompanying Memorandum in Support of NetVersant's Motion for Leave to File and Serve a Third-Party Complaint.

3

WHEREFORE, NetVersant requests that this Court grant it leave to file and to serve the attached proposed Third-Party Complaint.

>NETVERSANT-NEW ENGLAND, INC.
>
>By its attorneys,
>
>/s/ Steven A. Kaufman
>Steven A. Kaufman (BBO # 262230)
>ROPES & GRAY LLP
>One International Place
>Boston, Massachusetts 02110-2624
>(617) 951-7000

Dated: August 30, 2004