UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator,<br><br>Plaintiff,<br><br>v.<br><br>NETVERSANT-NEW ENGLAND, INC. and Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., and Partners Healthcare Systems, Inc.,<br><br>Defendants.<br><br>and<br><br>NETVERSANT-NEW ENGLAND, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO-CLC, LOCAL UNION 103 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, FRANK J. CARROLL and PAUL WARD,<br><br>Third-Party Defendants. | Civil Action No. 04-10559NMG |

**MEMORANDUM IN SUPPORT OF
NETVERSANT'S MOTION FOR LEAVE
TO FILE AND SERVE A THIRD-PARTY COMPLAINT**

NetVersant-New England, Inc. ("NetVersant" or the "Company") respectfully submits this memorandum in support of its Motion For Leave To File And Serve A Third-Party Complaint seeking indemnification and contribution from the proposed third-party defendant

unions and union officials for any and all liabilities that it may incur in connection with the above-captioned action by their ERISA funds.

## Prior Proceedings

NetVersant got caught in the middle of a jurisdictional dispute between locals 103 and 2222 of the International Brotherhood of Electrical Workers ("IBEW").  In conjunction with the Business Managers of the two locals, who personally participated in ensuing negotiations, and a Vice President of the International, who likewise participated personally in the negotiations, the Company entered into a Jurisdictional Agreement in October 1998 (the "Jurisdictional Agreement") that assigned some job categories to Local 103 (generally, the more traditional electricians' jobs) and others to Local 2222 (generally, those that relate more to telecommunications activities).  The parties operated under the Jurisdictional Agreement for more than three years, until January 2002, when Local 103 filed a grievance complaining that not all of the Company's electrical work was being assigned to members of Local 103.  The Company asserted the Jurisdictional Agreement in connection with the arbitration of this grievance.  On February 4, 2002, the Joint Conference Committee found the Jurisdictional Agreement unenforceable and ordered the Company to assign all future electrical work to Local 103 and to make "appropriate" adjustments retrospectively back to 1998; this Court enforced the arbitral decision in deference to the process; and the First Circuit affirmed for the same reason.

The above-captioned action was brought by Administrator Russell F. Sheehan ("Plaintiff") against NetVersant on March 22, 2004.  On April 12, 2004, the plaintiff filed an amended complaint and moved for a preliminary injunction and a temporary restraining order.  NetVersant responded to that motion expeditiously.  On April 13, 2004, this Court declined to issue a temporary restraining order and set the preliminary injunction hearing for April 26, 2004.

The hearing was postponed to June 8, 2004 and then June 14, 2004, when this Court denied plaintiff's motion for a preliminary injunction. NetVersant filed its Answer to the Amended Complaint on May 26, 2004, in the midst of preparation to defend against the plaintiff's request for preliminary injunctive relief.

NetVersant is the victim of material misrepresentations concerning the unions' assent to the Jurisdictional Agreement. The International IBEW, Local 103 of the IBEW, and two officials of Local 103 of the IBEW, Frank J. Carroll and Paul Ward (collectively "Proposed Third-Party Defendants"), by their conduct and statements during the course of negotiating the Jurisdictional Agreement, by failing and refusing to sign it after NetVersant had signed it, by acting in conformity with it from October 1, 1998 through January 21, 2002 without ever having done or said anything to impeach its validity or enforceability, and then by dishonoring the agreement before the arbitral panel and thereafter, intentionally and knowingly misrepresented to NetVersant their intentions with respect to the Jurisdictional Agreement and their understanding of its validity and enforceability. As set forth in the proposed Third-Party Complaint, those misrepresentations have caused NetVersant substantial business harm and exposed the Company to significant claims, including those asserted against NetVersant by the plaintiff in the above-captioned action. By the proposed Third-Party Complaint, NetVersant seeks indemnification and contribution for any and all liabilities that it may incur in connection with the above-captioned action.

## **Argument**

The allegations made in the proposed Third-Party Complaint, if proven, would establish derivative liability on the part of the proposed Third-Party Defendants, and impleading them now would not unduly burden them or delay the pending action. A defendant, with leave of court,

may implead any non-party "who is or *may be* liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a) (emphasis added). Such leave should be granted liberally whenever a colorable claim of derivative liability has been asserted and its assertion would not unduly delay or otherwise prejudice the ongoing proceedings. *See Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir.1993); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983).

NetVersant, a party accused of having breached a collective bargaining agreement by performing under the Jurisdictional Agreement, assuredly is entitled to implead the parties who allegedly intentionally and knowingly misrepresented to NetVersant their intent to be bound by the Jurisdictional Agreement, on whose misrepresentations NetVersant relied justifiably to its detriment. *See Adalman v. Baker*, 599 F. Supp. 752, 755 (D. Md. 1984) (third-party defendants were properly impleaded by defendant's third-party complaint because they "may be liable to defendants for all or part of the injury caused to plaintiffs if it is found that they made misrepresentations concerning the subjects of the plaintiffs' claims"); *Lawyer's Title Insurance Co. v. Suburban Abstract Associates, L.P.*, 1995 U.S. Dist. LEXIS 7170, No. 94-6127, at *8-*10 (E.D. Pa. May 26, 1995) (holding that defendant title agency in main action could implead third party defendants who allegedly made positive misrepresentations with respect to material information, upon which title agency justifiably relied); *Farmers Production Credit Association of Oneonta v. Whiteman*, 100 F.R.D. 310, 313-314 (N.D.N.Y. 1983) (holding that defendants' third-party complaint asserting "that its liability to the plaintiffs, if any, may be traced in whole or part" to the misrepresentations of third-party defendants, is proper under Rule 14(a)).

As indicated above, if NetVersant can prove the allegations contained in the attached proposed Third-Party Complaint, most of which are matters of record or otherwise virtually

indisputable, it is legally entitled to indemnification from the proposed Third-Party Defendants, whose misrepresentations will have been shown to have caused NetVersant to incur whatever liability it has to the plaintiff in this action.  These allegations could not reasonably have been asserted sooner against the proposed Third-Party Defendants, since NetVersant has been engaged from the inception of this action with defending itself against the plaintiff's request for preliminary injunctive relief.

    WHEREFORE, NetVersant requests that this Court grant it leave to file and to serve the attached proposed Third-Party Complaint.

                                                  NETVERSANT-NEW ENGLAND, INC.

                                                  By its attorneys,

                                                  /s/ Steven A. Kaufman
                                                  Steven A. Kaufman (BBO # 262230)
                                                  ROPES & GRAY LLP
                                                  One International Place
                                                  Boston, Massachusetts 02110-2624
                                                  (617) 951-7000

Dated:  August 30, 2004