```
                    United States District Court
                      District of Massachusetts
_____
                                    )
RUSSELL F. SHEEHAN, as              )
Administrator of the Local 103,     )
I.B.E.W. Health Benefit Plan,       )
the Electrical Workers Pension      )    Civil Action No.
Fund, Local 103, I.B.E.W., the      )    04-10559-NMG
Electrical Workers Deferred         )
Income Fund, the Joint              )
Apprenticeship and Training         )
Trust Fund, and the Electrical      )
Industry Labor Management           )
Cooperation Trust,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
NETVERSANT-NEW ENGLAND, Inc.,       )
                                    )
          Defendant.                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Now pending before this Court are Plaintiff's Motion to Expedite Discovery (Docket No. 22), Plaintiff's Motion for an Order of Attachment by Trustee Process (Docket No. 23) and Defendant's Motion for a Leave to File and Serve a Third Party Complaint (Docket No. 32).

## I.  Factual Background

The present dispute arose from an allegation of Plaintiff Russell F. Sheehan ("Sheehan"), in his role as Administrator of

-1-

the above-captioned trust funds (the "Funds"), that Defendant NetVersant-New England, Inc. ("NetVersant") has failed to make requisite contributions to the Funds.  The parties submitted to binding arbitration and NetVersant was adjudged liable for failing to contribute as required to the Funds.  See JCI Communications, Inc. v. Int'l Broth. of Elec. Workers, 324 F.3d 42 (1st Cir. 2003).  On March 22, 2004, Plaintiff commenced the instant action to determine and collect damages based upon that award.

Recently, Plaintiff discovered that NetVersant is owed a debt of $1,392,278 by Maiuri Electrical Company and Partners HealthCare System, Inc. and he now moves for an order of attachment by trustee process of those funds to secure payment of a judgment in this case.  Defendant contends that Plaintiff has failed to meet his burden of demonstrating that recovery in at least that amount is likely.

Plaintiff moves, in addition, for an order of expedited discovery and seeks immediate disclosure by NetVersant of certain information.  Defendant has offered to provide forthwith reports that contain some of the information Plaintiff seeks but opposes any broader expedited discovery because it would be unduly burdensome under the circumstances.

Finally, Defendant moves for leave to file a third party complaint against The International Brotherhood of Electrical

-2-

Workers ("the I.B.E.W."), AFL-CIO-CLC, Local Union 103 of the I.B.E.W., Frank J. Carroll and Paul Ward.

## II. Legal Analysis

Two of the outstanding motions can be resolved after brief comment.  Defendant's Motion for a Leave to File and Serve a Third Party Complaint is unopposed and will therefore be allowed. Plaintiff's Motion to Expedite Discovery will be allowed to the extent agreed to by Defendant in its opposition memorandum. However, expedited discovery beyond that to which the Defendant has consented is unwarranted because, under the circumstances, the information that Defendant has agreed to provide should reasonably suit Plaintiff's immediate needs and any broader expedited discovery would be unduly burdensome.

Plaintiff's Motion for an Order of Attachment by Trustee Process requires more detailed consideration.  Plaintiff seeks to attach funds due to NetVersant from Maiuri Electrical Company and Partners HealthCare System, Inc. in the amount of $1,392,278. Defendants respond that Plaintiff 1) has not proven a likelihood of success in recovering a judgment in that amount and 2) has thus failed to meet the standard for attachment by trustee process.

Pursuant to Mass.R.Civ.P. 4.2, trustee process is available only:

> upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process.

Mass.R.Civ.P 4.2.[1]  Massachusetts courts have not determined the exact evidentiary standard (e.g. clear and convincing or preponderance of the evidence) for a "likelihood" of a certain recovery to be found.  Montague Corp. v. Simon Worldwide, Inc., 2001 WL 1226854 *2 (Mass. Super. 2001).  In this case, however, the amount of Plaintiff's potential recovery is too uncertain to warrant attachment under any reasonable standard.

Plaintiff's sole argument in support of its motion is that, according to the arbitration award, Defendant will be required to pay a judgment covering at least 132,851 "under-reported hours" at $10.48 per hour.  Thus, Plaintiff contends that a recovery of at least $1,392,278 (hours times wage) is likely and an attachment by trustee process in that amount is warranted.

Defendant responds that Plaintiff, in reaching its putative damages figure, has failed to address or account for any of NetVersant's three defenses.  For example, NetVersant points out that the amount of Plaintiff's recovery will arguably be

---

[1] In determining whether an order of attachment is warranted, federal courts apply the law of the forum state. Fed.R.Civ.P. 64.

contingent, in part, upon whether Local 103 members would have been available and qualified to do certain work that was done by members of Local 2222.  Plaintiff has not addressed the validity and possible effect of that defense upon any judgment.  A similar analysis applies to NetVersant's other defenses.  Therefore, NetVersant's defenses, which are at least facially meritorious, raise doubt as to the amount of any eventual recovery and Plaintiff has not met its burden of demonstrating that a recovery of $1,392,278 (or any specific amount) is likely.  Accordingly, Plaintiff's motion will be denied.

## ORDER

Based on and in accordance with the foregoing:

1) Plaintiff's Motion for an Order of Attachment by Trustee Process (Docket No. 23) is **DENIED**;

2) Defendant's Motion for a Leave to File and Serve a Third Party Complaint (Docket No. 32) is **ALLOWED**;

3) Plaintiff's Motion to Expedite Discovery (Docket No. 22) is **ALLOWED**, in part, and **DENIED**, in part.  Plaintiff may commence expedited discovery only to the extent consented to by Defendant in its Response to Plaintiff's Motion for Expedited Discovery (Docket No. 28).

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated November 22, 2004