UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator, | ) |
| Plaintiff, | ) |
| v. | ) |
| NETVERSANT-NEW ENGLAND, INC., and Walsh Brothers, Incorporated, Maiuri Electrical Company, Daisy Electric, Inc., And Partners Healthcare Systems, Inc., | ) Civil Action No. 04-10559NMG |
| Defendants. | ) |
| and | ) |
| NETVERSANT-NEW EANGLAND, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO-CLC, LOCAL UNION 103 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, FRANK J. CARROLL and PAUL WARD, | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF THIRD PARTY DEFENDANTS
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 103
AND PAUL WARD TO CORRECT TREATMENT OF CASE
AS NOT RELATED TO A PRIOR FILED CASE**

- 1 -

Third-Party Defendants International Brotherhood of Electrical Workers, Local 103 ("Local 103") and Paul Ward respectfully move pursuant to Local Rule 40.1(G)(5) for a joint decision of the Honorable Nathaniel M. Gorton and the Honorable Rya W. Zobel, to correct the treatment of the above-captioned case (hereinafter, the "second case") as not related to another earlier filed case, <u>JCI Communications d/b/a NetVersant-New England v. International Brotherhood of Electrical Workers</u>, 02-CV-10537 RWZ (hereinafter, the "first case"), and for an order transferring the second case to the Honorable Rya Zobel as a related case to further the efficient performance of the business of the court.   All parties who have appeared in this case have assented to this motion.

**I.  THE TWO CASES ARE RELATED UNDER LOCAL RULE 40.1(G)(1)**

Local Rule 40.1(G)(1) provides in relevant part:

> [f]or purposes of this rule, a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law. . . .  This rule shall not apply if more than two (2) years have elapsed since the closing of the previous action.

As described herein, the instant case and the previously filed case are related.

    A.    <u>Some of the Parties Are the Same in the First Case and Second Case</u>

Local 103 was the Defendant in the first case, and is a Third-Party Defendant in the second case.  In addition, NetVersant-New England, Inc. ("NetVersant") was the Plaintiff in the first case, and is the Defendant and Third-Party Plaintiff in the Second Case.[1]

---

[1] Net-Versant has stated in the second case that it previously conducted business as JCI Communications, Inc.   Third-Party Complaint, ¶ 1.   It identified itself as JCI Communications d/b/a NetVersant-New England in the first case.

B.     The Cases Involve the Same Transaction or Event

Both cases involve the same series of events, namely, (1) NetVersant's signing of a Letter of Assent to a collective bargaining agreement, (2) the disputed events regarding the so-called Jurisdictional Agreement, which apparently was signed by NetVersant and a Vice President of the International Brotherhood of Electrical Workers, but not by Local 103, (3) the filing of a grievance by Local 103 against NetVersant; and (4) the decision of the Joint Conference Committee.  See Amended Complaint, Introductory Paragraph, ¶¶ 12-15; Third-Party Complaint, Introductory Paragraph, ¶¶ 12-16, 19-24; Memorandum of Decision, JCI Communications d/b/a NetVersant-New England v. International Brotherhood of Electrical Workers, 2002 WL 2005852, *1 (D.Mass. 2002), aff'd 324 F.3d 42 (1st Cir. 2003).

C.     The cases Involve Similar Claims

In the first case, NetVersant argued that the arbitration award should be vacated based on the alleged misrepresentations by representatives of Local 103.  See Memorandum of Decision, JCI Communications, Inc., supra, 2002 WL 2005852, *1 (referring to "alleged misrepresentations by Local 103 at the time of the Letter of Assent.")   In the Third-Party Complaint in the second case, NetVersant seeks indemnification based on the claim that Local 103 made misrepresentations that Netversant relied on in entering into the Letter of Assent.  Third-Party Complaint, ¶¶ 44, 47.

D.     The previous case has been closed less than two years

On August 30, 2002, judgment was entered in the previous action, and docket reflected an entry by the clerk that the case was closed.  On September 18, 2002, however, NetVersant filed its Notice of Appeal, thereby reopening the case.  On April 28, 2003, the district court received the Mandate of the Court Appeals, and on that date, the case was finally closed.

## II. THE JUDGE TO WHOM THE CASE IS ASSIGNED AND THE JUDGE TO WHOM THE CASE SHOULD HAVE BEEN ASSIGNED SHOULD NOW JOINTLY TRANSFER THE RELATED CASE

Local Rule 40.1(G)(5) provides that "[t]he treatment of a case as not related to another case shall be subject to correction only by the joint decision of the judge to whom it has been assigned and the judge to whom it should be assigned, if related to another case." Here, the case has been assigned to the Honorable Nathanial M. Gorton, but should have been assigned to the Honorable Rya W. Zobel. Accordingly, this motion seeks the joint decision of both judges.

Rule 40.1(G)(5) provides further that "[t]he judges may then transfer the case pursuant to section (I) of this rule, and shall notify the clerk of the reason for the transfer." Section (I) of the rule, in turn, provides for the transfer of case to another judge "[i]n the interest of justice or to further the efficient performance of the business of the court" if the other judge consents to the transfer. Here, where the cases are related, transfer of the case will further the efficient performance of the business of the court.

## III. THIS MOTION HAS BEEN PROMPTLY FILED BY THIRD PARTY DEFENDANTS.

On November 22, 2004, the Court granted NetVersant's motion for leave to file a Third-Party Complaint, and on November 24, 2004, NetVersant filed the Third-Party Complaint. Third-Party Defendants are now filing the instant motion at their earliest opportunity.

Although the original complaint was filed in March 2004, thus far there have been only limited preliminary proceedings in the case.

## IV. CONCLUSION

For all of the foregoing reasons, Third-Party Defendants respectfully request a joint decision of the Honorable Nathaniel M. Gorton and the Honorable Rya W. Zobel, to transfer the second case to the Honorable Rya Zobel as a related case.

- 5 -

        Respectfully submitted,

        INTERNATIONAL BROTHERHOOD OF
        ELECTRICAL WORKERS, LOCAL 103
        and PAUL WARD

        By their attorneys,

        _/s/_ Indira Talwani_____
        Ira Sills, Esq. BBO #462220
        Indira Talwani, Esq. BBO #645577

        **SEGAL, ROITMAN & COLEMAN**
        11 Beacon Street, Suite 500
        Boston, MA 02108
        (617) 742-0208

Dated: December 2, 2004