UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, Administrator,

Plaintiff,

v.

NETVERSANT-NEW ENGLAND, INC.
and Walsh Brothers, Incorporated, Maiuri
Electrical Company, Daisy Electric, Inc.,
and Partners HealthCare System, Inc.,

Defendants.

Civil Action No. 04-10559NMG

**AFFIDAVIT OF ROBERT N. FELDMAN**

I, Robert N. Feldman, being duly sworn, do hereby depose and say as follows:

1.  I am currently the Executive Vice President for NetVersant-New England ("NetVersant" or the "Company"). I have been employed by NetVersant or its predecessors since September of 1993. I am also the Regional Vice President (East) of NetVersant Solutions, Inc. ("NetVersant Solutions"), the parent corporation of NetVersant, and have acted in this capacity since February 4, 2002.

2.  I am familiar with the underlying dispute between and among the International Brotherhood of Electrical Workers Union (the "International"), Local 103, Local 2222 and NetVersant that has given rise to the instant litigation and have knowledge of the facts set forth herein as an authorized representative of the Company.

3.  NetVersant and NetVersant Solutions have their own infrastructures, operate as separate units, and corporate formalities between the two companies are carefully observed.

There are separate corporate books and procedures (e.g., separate bylaws, minutes, and election of officers). NetVersant negotiates and signs its own contracts with customers, and labor unions, and has its own sales representatives, accounting and human resources staffs.

4. To my knowledge, Plaintiff Russell F. Sheehan ("Plaintiff") has always dealt with NetVersant throughout the underlying conflict in the above-captioned action. It was NetVersant – and not NetVersant Solutions – that negotiated and entered into the Jurisdictional Agreement between NetVersant, the International, Local 103 and Local 2222 in October 1998.

5. Attached hereto at Tab 1 is a true and correct copy of a letter dated August 27, 2003 mailed to me by plaintiff's counsel, and copied to plaintiff, demanding upon NetVersant to file payroll reports with and make required contributions to the Funds.

6. Attached hereto at Tab 2 is a true and correct copy of a letter dated December 3, 2003 mailed to me by plaintiff's counsel, and copied to plaintiff, demanding upon NetVersant to file payroll reports with and make required contributions to the Funds.

Signed under the pains and penalties of perjury this 22nd day of December, 2004.

/s/ Robert Feldman
Robert N. Feldman

DAVID W. HEALEY & ASSOCIATES
ATTORNEYS AT LAW

77 Franklin Street, Suite 805 • Boston, Massachusetts 02110
Phone: 617-457-3131 • Fax: 617-457-3133

August 27, 2003

Robert Feldman, President
NetVersant-New England, Inc.
100 Franklin Street
Boston, MA 02110

    RE:    Electrical Workers Pension Fund, Local 103, I.B.E.W.
             Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.
             Local 103, I.B.E.W. Health Benefit Plan
             Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W.
             Electrical Industry Labor-Management Cooperation Trust Fund ("LMCT")

Dear Mr. Feldman:

    This firm represents the Trustees of the above-referenced entities (the "Funds"). A decision by the Joint Conference Committee dated February 4, 2002 (the "JCC Decision") determined that NetVersant-New England, Inc./JCI Communications, Inc. ("NetVersant") had violated various provisions of the Telecommunications Agreements between Local 103, I.B.E.W. and the Electrical Contractors Association of Greater Boston, Inc. Boston Chapter NECA (the "Agreements") by failing, in part, to report and pay all contributions owed to the Funds for employees of NetVersant covered by the Agreements for the period October 1, 1998 forward. The JCC Decision was subsequently confirmed by Judge Zobel of the United States District Court for the District of Massachusetts by a judgment dated August 30, 2002, which judgment was affirmed by the United States Court of Appeals for the First Circuit by decision dated March 31, 2003, 324 F.3d 42 (1st Cir. 2003).

    To date, Netversant has not filed with the Funds amended or supplemental monthly payroll reports required to be filed under the Agreements, and the Trustees' Collection Policy, with the Funds for all employees and hours not previously reported and paid for but required to be reported and paid for by NetVersant in accordance with the Agreements and the JCC Decision. Specific forms must be completed and filled out by NetVersant and submitted to the Funds along with the required payment. Demand is hereby made upon NetVersant to file these supplemental reports with the Funds for each month beginning with October 1998 using the required forms and to make payment of the required contributions to the Funds.

**DAVID W. HEALEY & ASSOCIATES**
    Attorneys At Law

Robert Feldman, President
August 27, 2003
Page Two

    Failure to file the required reports and make payment of all contributions owed within thirty (30) days of the date of this letter may result in the filing of a civil action in the United States District Court for the recovery of the delinquent contributions, plus interest, liquidated damages, costs, and attorneys' fees. You are further advised that if we must file suit to recover delinquent contributions, federal law provides, with the exception of the LMCT, for the award of special damages upon judgment. Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C.1132(g)(2), provides for the <u>mandatory</u> award of the Funds' attorneys' fees and costs, interest on unpaid contributions, and liquidated damages <u>or</u> double interest on unpaid contributions.

    Please note that NetVersant's obligation to file supplemental monthly payroll reports is independent and separate from, and is not satisfied by, any disclosure that NetVersant may have made to Local 103, I.B.E.W. by submission of payroll records or other information. The Funds and the Agreements require contributions, hours and other information to be reported on specific monthly payroll reporting forms. If any employee of NetVersant, or any hours, were not previously reported by NetVersant on such monthly payroll forms to the Funds, as required by the Agreements and the JCC Decision, NetVersant must file supplemental reports with the Funds for these employees/hours using the required reporting forms.

    Thank you for your prompt attention to this matter.

Very truly yours,

David W. Healey

DWH/
cc:   Russell F. Sheehan, Administrator

**DAVID W. HEALEY & ASSOCIATES**
**ATTORNEYS AT LAW**

77 Franklin Street, Suite 805 • Boston, Massachusetts 02110
Phone: 617-457-3131 • Fax: 617-457-3133

December 3, 2003

Robert Feldman, President
NetVersant-New England, Inc.
100 Franklin Street
Boston, MA 02110

    RE:   Electrical Workers Pension Fund, Local 103, I.B.E.W.
             Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.
             Local 103, I.B.E.W. Health Benefit Plan
             Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W.
             Electrical Industry Labor-Management Cooperation Trust Fund ("LMCT")

Dear Mr. Feldman:

    This firm represents the Trustees of the above-referenced trust funds. To date, the above-referenced Funds have failed to receive the reports and required contributions described in my prior letter to you dated August 27, 2003. If the reports are not received by December 15, 2003, the Trustees have authorized the payroll audit of NetVersant-New England, Inc. for the period October 1, 1998 forward to determine the amounts owed to the Funds. By failing to file the required monthly reports, your company will be required to pay the full cost of such audit.

                                              Very truly yours,

                                              David W. Healey

DWH/
cc:   Russell F. Sheehan, Administrator