UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator,<br><br>    Plaintiff,<br><br>  v.<br><br>NETVERSANT-NEW ENGLAND, INC.,<br>NETVERSANT SOLUTIONS, INC.,<br>ROBERT FELDMAN, WILLIAM<br>FIEDLER, RONALD HALE, JR.<br>AND SCOTT FORDHAM<br><br>    Defendants,<br><br>and<br><br>Maiuri Electrical Company, Daisy Electric,<br>Inc., and Partners HealthCare System, Inc.,<br><br>    Reach and Apply Defendants. | Civil Action No. 04-10559NMG |

## ANSWER OF NETVERSANT-NEW ENGLAND, INC. TO SECOND AMENDED COMPLAINT

For its Answer to the numbered paragraphs contained in Plaintiff's Second Amended Complaint (the "Complaint"), Defendant NetVersant-New England, Inc. ("NetVersant NE" or "Defendant") hereby responds and states as follows:

### JURISDICTION AND VENUE

1.    NetVersant NE states that the allegations contained in paragraph 1 of the Complaint state conclusions of law to which no response is required.

2.     NetVersant NE states that the allegations contained in paragraph 2 of the Complaint state conclusions of law to which no response is required.

3.     NetVersant NE states that the allegations contained in paragraph 3 of the Complaint state conclusions of law to which no response is required.

PARTIES

4.     NetVersant NE states that the allegations contained in paragraph 4 of the Complaint state conclusions of law to which no response is required.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's regular place of business or his status as Administrator of each of the Electrical Workers Pension Fund, Local 103, I.B.E.W.; the Local 103, I.B.E.W. Health Benefit Plan; the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.; the Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. (collectively, for purposes herein, the "Funds"); or the Electrical Industry Labor-Management Cooperation Trust (the "LMCT").

5.     NetVersant NE admits that NetVersant NE is a Massachusetts corporation with its principal place of business at 100 Franklin Street, Boston, Massachusetts; that it formerly did business as JCI Communications, Inc. before doing business as NetVersant-New England, Inc.; and that JCI Communications, Inc. formerly did business as JEMD-COM, Inc. before doing business as JCI Communications, Inc.  Except as expressly admitted, NetVersant NE states that the allegations contained in paragraph 5 of the Complaint state conclusions of law to which no response is required.

6.     NetVersant NE admits that NetVersant Solutions, Inc. ("NetVersant Solutions") is a Delaware Corporation that is the parent corporation of NetVersant NE; and that its principal

2

place of business is at 777 Post Oak, Suite 400, Houston, Texas. To the extent that the allegations contained in paragraph 6 contain conclusions of law, NetVersant NE states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant NE denies the allegations contained in paragraph 6 of the Complaint.

7.    NetVersant NE admits that Robert Feldman ("Feldman") is the President of NetVersant NE; was a shareholder and officer of JCI Communications, Inc., prior to its purchase by NetVersant Solutions; has acted as the Regional Vice President (East) of NetVersant Solutions since February 4, 2002; and resides in Massachusetts.

8.    NetVersant NE admits that Scott Fordham ("Fordham") has acted as the Chairman & Chief Executive Officer of NetVersant Solutions since February 4, 2002; and is a Director and agent of NetVersant Solutions. To the extent that the allegations contained in paragraph 8 contain conclusions of law, NetVersant NE states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant NE denies the allegations contained in paragraph 8 of the Complaint.

9.    NetVersant NE admits that William Fiedler ("Fiedler") has acted as the sole Director and Secretary of NetVersant NE and Senior Vice President, General Counsel and Secretary of NetVersant Solutions since February 4, 2002; and is an agent of NetVersant Solutions and NetVersant NE. To the extent that the allegations contained in paragraph 9 contain conclusions of law, NetVersant NE states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant NE denies the allegations contained in paragraph 9 of the Complaint.

10.    NetVersant NE admits that Ronald Hale, Jr. ("Hale") has acted as the Vice President and Treasurer of NetVersant NE and Senior Vice President, Finance and Treasurer of

NetVersant Solutions since February 4, 2002; and is an agent of NetVersant Solutions and NetVersant NE. To the extent that the allegations contained in paragraph 10 contain conclusions of law, NetVersant NE states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant NE denies the allegations contained in paragraph 10 of the Complaint.

11.    NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

<u>GENERAL ALLEGATIONS</u>

14.    NetVersant NE states that the allegations contained in paragraph 14 of the Complaint state conclusions of law to which no response is required.

15.    NetVersant NE states that the allegations contained in paragraph 15 of the Complaint state conclusions of law to which no response is required. Further answering, to the extent that the allegations contained in paragraph 15 are allegations of fact, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

16.    NetVersant NE admits that in October, 1998, NetVersant NE entered into a Letter of Assent (the "Letter of Assent"), which speaks for itself as to content. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 16 of the Complaint.

17.     NetVersant NE states that the Collective Bargaining Agreements speak for themselves in all respects, including with respect to dispute resolution mechanisms.  Further answering, NetVersant NE admits that Local 103 demanded arbitration before the so-called Joint Conference Committee under the then-current collective bargaining agreement by letter dated January 21, 2002, which speaks for itself in all respects; and NetVersant NE admits that Local 103 alleged that NetVersant NE was in violation of the collective bargaining agreement then in effect.  NetVersant NE further admits that the Joint Conference Committee, after a hearing, issued an award dated February 4, 2002 (the "Arbitration Award"), which speaks for itself in all respects; and NetVersant NE admits that the document attached as Exhibit 1 to the Complaint appears to be a true copy of the Arbitration Award.  NetVersant NE admits that enforcement of the Arbitration Award was granted by the United States District Court for the District of Massachusetts by decision dated August 29, 2002, *JCI Communications, Inc. d/b/a Netversant-New England v. International Brotherhood of Electrical Workers Union, Local 103*, 2002 WL 2005852 (D. Mass. 2002) (Zobel, J.), and that the District Court's decision was affirmed by the United States Court of Appeals for the First Circuit by opinion reported at 324 F.3d 42 (1st Cir. 2003).  To the extent that the allegations contained in paragraph 17 contain conclusions of law, NetVersant NE states that no response to such allegations is required; and, except as expressly admitted or otherwise averred, NetVersant NE denies the allegations contained in paragraph 17 of the Complaint.

18.     NetVersant NE denies the allegations contained in paragraph 18 of the Complaint.

19.     In response to the allegations contained in paragraph 19 of the Complaint, NetVersant NE avers that the Collective Bargaining Agreements speak for themselves in all respects, including with respect to monthly contributions and payroll reporting.

20.    NetVersant NE denies the allegations contained in paragraph 20 of the Complaint.

21.    NetVersant NE denies the allegations contained in paragraph 21 of the Complaint.

22.    NetVersant NE denies the allegations contained in paragraph 22 of the Complaint.

23.    NetVersant NE denies the allegations contained in paragraph 23 of the Complaint.

24.    NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

## COUNT I
## (CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES
## FEES & EXPENSES)

25.    NetVersant NE hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 as if set forth fully at length herein.

26.    NetVersant NE denies the allegations contained in paragraph 26 of the Complaint.

27.    NetVersant NE avers that the Collective Bargaining Agreements speak for themselves in all respects, including with respect to records production and reporting requirements in the event that an employer becomes delinquent in the payment of contributions to the Funds or to the LMCT.  Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 27 of the Complaint.

28.    NetVersant NE denies the allegations contained in paragraph 28 of the Complaint.

29.    NetVersant NE denies the allegations contained in paragraph 29 of the Complaint.

30.    NetVersant NE denies the allegations contained in paragraph 30 of the Complaint.

31.    NetVersant NE denies the allegations contained in paragraph 31 of the Complaint.

32.    NetVersant NE denies the allegations contained in paragraph 32 of the Complaint.

33.    NetVersant NE denies the allegations contained in paragraph 33 of the Complaint.

34.    NetVersant NE denies the allegations contained in paragraph 34 of the Complaint.

35.     NetVersant NE denies the allegations contained in paragraph 35 of the Complaint.

36.     NetVersant NE denies the allegations contained in paragraph 36 of the Complaint.

37.     NetVersant NE denies the allegations contained in paragraph 37 of the Complaint.

38.     NetVersant NE denies the allegations contained in paragraph 38 of the Complaint.

39.     NetVersant NE denies the allegations contained in paragraph 39 of the Complaint.

40.     NetVersant NE denies the allegations contained in paragraph 40 of the Complaint and all sub-parts thereof.


## COUNT II
### (RICO CLAIM AGAINST NETVERSANT SOLUTIONS, FELDMAN, FORDHAM, HALE AND FIEDLER)

41.     NetVersant NE hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 as if set forth fully at length herein.

42.     NetVersant NE admits the allegations contained in paragraph 42 of the Complaint.

43.     NetVersant NE admits that NetVersant Solutions purchased 100% of the stock of JCI Communications, Inc., effective November 17, 2000.  NetVersant NE further admits that NetVersant Solutions entered into a stock purchase agreement with JCI Communications, Inc. and others, including Feldman, who was at the time the Executive Vice President of JCI Communications, Inc.  Except as otherwise admitted, NetVersant NE denies the allegations contained in paragraph 43 of the Complaint.

44.     NetVersant NE admits that NetVersant Solutions appointed officers of NetVersant Solutions as the officers of JCI Communications, Inc.  Except as otherwise admitted, NetVersant NE denies the allegations contained in paragraph 44 of the Complaint.

45.    NetVersant NE admits the allegations set forth in paragraph 45 of the Complaint.

46.    NetVersant NE admits the allegations set forth in paragraph 46 of the Complaint.

47.    NetVersant NE admits the allegations set forth in paragraph 47 of the Complaint.

48.    NetVersant NE denies the allegations set forth in paragraph 48 of the Complaint.

49.    NetVersant NE admits the allegations contained in paragraph 49 of the Complaint.

50.    NetVersant NE denies the allegations contained in paragraph 50 of the Complaint.

51.    NetVersant NE denies the allegations contained in paragraph 51 of the Complaint.

52.    NetVersant NE denies the allegations contained in paragraph 52 of the Complaint.

53.    NetVersant NE denies the allegations contained in paragraph 53 of the Complaint.

54.    NetVersant NE denies the allegations contained in paragraph 54 of the Complaint.

55.    NetVersant NE denies the allegations contained in paragraph 55 of the Complaint.

56.    NetVersant NE admits the allegations contained in paragraph 56 of the Complaint.

57.    NetVersant NE admits that Fordham, Hale, Fiedler, Frank Montfort, Feldman and others would engage in weekly telephone conference calls, in which all aspects of NetVersant NE's operations were discussed.  Except as otherwise admitted, NetVersant NE denies the allegations contained in paragraph 57 of the Complaint.

58.    NetVersant NE admits that Feldman made use of a RIM BlackBerry wireless device for e-mail communication.  Except as otherwise admitted, NetVersant NE denies the allegations contained in paragraph 58 of the Complaint.

59.    NetVersant NE denies the allegations contained in paragraph 59 of the Complaint.

60.    NetVersant NE denies the allegations contained in paragraph 60 of the Complaint and all sub-parts thereof.

61.    NetVersant NE admits that on or about February 13, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in January 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 61 of the Complaint.

62.    NetVersant NE admits that on or about March 13, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in February 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 62 of the Complaint.

63.    NetVersant NE admits that on or about April 14, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in March 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 63 of the Complaint.

64.     NetVersant NE admits that on or about May 14, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in April 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 64 of the Complaint.

65.     NetVersant NE admits that on or about June 11, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in May 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 65 of the Complaint.

66.     NetVersant NE admits that on or about July 12, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in June 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 66 of the Complaint.

67.     NetVersant NE admits that on or about August 14, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in July 2002 by

employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 67 of the Complaint.

68.     NetVersant NE admits that on or about September 16, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in August 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 68 of the Complaint.

69.     NetVersant NE admits that on or about October 12, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in September 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 69 of the Complaint.

70.     NetVersant NE admits that on or about November 14, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in October 2002 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 70 of the Complaint.

71. NetVersant NE admits that on or about December 13, 2002 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in November 2002 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 71 of the Complaint.

72. NetVersant NE admits that on or about January 13, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in December 2002 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 72 of the Complaint.

73. NetVersant NE admits that on or about February 3, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in January 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as

expressly admitted, NetVersant NE denies the allegations contained in paragraph 73 of the Complaint.

74.     NetVersant NE admits that on or about March 3, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in February 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 74 of the Complaint.

75.     NetVersant NE admits that on or about April 5, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in March 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 75 of the Complaint.

76.     NetVersant NE admits that on or about May 12, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in April 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 76 of the Complaint.

77.    NetVersant NE admits that on or about June 9, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in May 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 77 of the Complaint.

78.    NetVersant NE admits that on or about July 13, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in June 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 78 of the Complaint.

79.    NetVersant NE admits that on or about August 11, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in July 2003 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 79 of the Complaint.

80.    NetVersant NE admits that on or about September 10, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in

August 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 80 of the Complaint.

       81.    NetVersant NE admits that on or about October 14, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in September 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 81 of the Complaint.

       82.    NetVersant NE admits that on or about November 15, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in October 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 82 of the Complaint.

       83.    NetVersant NE admits that on or about December 13, 2003 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in November 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 83 of the Complaint.

84.    NetVersant NE admits that on or about January 19, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in December 2003 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 84 of the Complaint.

85.    NetVersant NE admits that on or about February 15, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in January 2004 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund. Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 85 of the Complaint.

86.    NetVersant NE admits that on or about March 13, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in February 2004 by employees of NetVersant NE. Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.

Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 86 of the Complaint.

87.     NetVersant NE admits that on or about April 16, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in March 2004 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 87 of the Complaint.

88.     NetVersant NE admits that on or about May 16, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in April 2004 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 88 of the Complaint.

89.     NetVersant NE admits that on or about June 19, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in May 2004 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 89 of the Complaint.

90.     NetVersant NE admits that on or about July 13, 2004 NetVersant NE mailed via the United States Postal Service a two-page Payroll Report for hours worked in June 2004 by employees of NetVersant NE.  Further answering, NetVersant NE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt of the Payroll Report by the Pension Fund and Deferred Income Fund.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 90 of the Complaint.

91.     NetVersant NE admits that NetVersant NE continues to mail to the Funds using the United States Postal Service the two-page Payroll Report for hours worked in July 2004 and for months thereafter by employees of NetVersant NE.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 91 of the Complaint.

92.     NetVersant NE admits that the Payroll Reports contain payroll information such as employee names, hours worked by employees, social security numbers, gross wages, and contribution amounts.  To the extent that the allegations contained in paragraph 92 state conclusions of law, NetVersant NE states that no response is required; and, except as expressly admitted or otherwise averred, NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     NetVersant NE states that the Collective Bargaining Agreements speak for themselves in all respects, including with respect to certification of payroll reports.  Except as otherwise averred, NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     NetVersant NE avers that the Collective Bargaining Agreements and Arbitration Award speak for themselves in all respects   Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 94 of the Complaint.

95.     NetVersant NE denies the allegations contained in paragraph 95 of the Complaint.

96.     NetVersant NE denies the allegations contained in paragraph 96 of the Complaint.

97.     NetVersant NE denies the allegations contained in paragraph 97 of the Complaint.

98.     NetVersant NE denies the allegations contained in paragraph 98 of the Complaint.

99.     NetVersant NE denies the allegations contained in paragraph 99 of the Complaint.

100.     NetVersant NE avers that the Collective Bargaining Agreements speak for themselves in all respects.  Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 100 of the Complaint.

101.     NetVersant NE denies the allegations contained in paragraph 101 of the Complaint and all sub-parts thereof.

102.     NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.  NetVersant NE further avers that the allegations contained in paragraph 102 of the Complaint state conclusions of law to which no response is required.  Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 102 of the Complaint to the extent that they allege that NetVersant NE has failed to make any required payment of monies or has otherwise failed to act lawfully.

103.     NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.  NetVersant NE further states that the allegations contained in paragraph 103 of the Complaint state conclusions

of law to which no response is required.  Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 103 of the Complaint to the extent that they allege that NetVersant NE has failed to make any required payment of monies or has otherwise failed to act lawfully.

104.    NetVersant NE states that the Inside Construction Agreement speaks for itself in all respects.  NetVersant NE admits that NetVersant NE has obtained subcontracts from Reach and Apply Defendants Maiuri Electrical Company and Daisy Electric, Inc.  Except as otherwise admitted or averred, NetVersant NE denies the allegations contained in paragraph 104 of the Complaint.

105.    NetVersant NE denies the allegations contained in paragraph 105 of the Complaint.

106.    NetVersant NE denies the allegations contained in paragraph 106 of the Complaint.

107.    NetVersant NE denies the allegations contained in paragraph 107 of the Complaint.

108.    NetVersant NE denies the allegations contained in paragraph 108 of the Complaint.

109.    NetVersant NE denies the allegations contained in paragraph 109 of the Complaint.

110.    NetVersant NE denies the allegations contained in paragraph 110 of the Complaint.

111.    NetVersant NE denies the allegations contained in paragraph 111 of the Complaint.

112.    NetVersant NE denies the allegations contained in paragraph 112 of the Complaint.

113.    NetVersant NE denies the allegations contained in paragraph 113 of the Complaint.

## COUNT III
## (CONSPIRACY)

114.    NetVersant NE hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 113 as if set forth fully at length herein.

115.    NetVersant NE denies the allegations contained in paragraph 115 of the Complaint.

116.    NetVersant NE denies the allegations contained in paragraph 116 of the Complaint.

117.    NetVersant NE denies the allegations contained in paragraph 117 of the Complaint.

## COUNT IV

118.    NetVersant NE hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 117 as if set forth fully at length herein.

119.    NetVersant NE denies the allegations contained in paragraph 119 of the Complaint.

120.    NetVersant NE denies the allegations contained in paragraph 120 of the Complaint.

121.    NetVersant NE denies the allegations contained in paragraph 121 of the Complaint.

122.    NetVersant NE denies the allegations contained in paragraph 122 of the Complaint.

123.    NetVersant NE denies the allegations contained in paragraph 123 of the Complaint.

## COUNT V
## (REACH AND APPLY/M.G.L.c. 214 §3(6))

124.    NetVersant NE hereby repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 123 as if set forth fully at length herein.

125.    NetVersant NE admits that NetVersant NE is presently owed money by or may be owed money in the future by Daisy Electric, Inc. and Partners HealthCare Systems, Inc.  Except as expressly admitted, NetVersant NE denies the allegations contained in paragraph 125 of the Complaint.

126.    NetVersant NE states that the allegations contained in paragraph 126 of the Complaint as to what the Telecommunication Agreements require state conclusions of law to which no response is required.  Except as otherwise averred, NetVersant NE denies the allegations contained in paragraph 126 of the Complaint.

127.    NetVersant NE avers that paragraph 127 of the Complaint states allegations of Plaintiff's knowledge which, by its nature, is knowable exclusively by the Plaintiff. Accordingly, NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128.    NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129.    NetVersant NE denies the allegations contained in paragraph 129 of the Complaint to the extent that they allege that NetVersant NE has failed to make any required payments of monies or otherwise has failed to act lawfully.  Except as expressly denied, NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.    NetVersant NE denies the allegations contained in paragraph 130 of the Complaint to the extent that they allege that NetVersant NE has failed to make any required payments of monies or otherwise has failed to act lawfully.  Except as expressly denied, NetVersant NE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131.    NetVersant NE denies the allegations contained in paragraph 131 of the Complaint.

132.    NetVersant NE denies the allegations contained in paragraph 132 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel and unclean hands.

WHEREFORE, Defendant NetVersant NE prays that Plaintiff takes nothing by his Complaint, that the Court deny Plaintiff's requests for relief, that the Complaint and each and

every count thereof be dismissed with prejudice, that judgment enter in favor of NetVersant NE, and that NetVersant NE be awarded its costs, attorney's fees, and such other and further relief as the Court may deem warranted.

NETVERSANT-NEW ENGLAND, INC. DEMANDS A TRIAL BY JURY.

NETVERSANT-NEW ENGLAND, INC.

By its attorneys,

/s/ Steven A. Kaufman_____
Steven A. Kaufman (BBO # 262230)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000
skaufman@ropesgray.com

Dated:  March 16, 2005