UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RUSSELL F. SHEEHAN, Administrator, | ) | |
| Plaintiff, | ) | Civ. Act. No. 04-10559NMG |
| | ) | |
| v. | ) | |
| | ) | |
| NETVERSANT-NEW ENGLAND, INC., et al., | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NETVERSANT-NEW ENGLAND, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS, AFL-CIO-CLC, et al., | ) | |
| Third-Party Defendants. | ) | |

## MOTION FOR RECONSIDERATION BY THIRD-PARTY DEFENDANT LOCAL 103 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKER

Third-Party Defendant Local 103 of International Brotherhood of Electrical Workers, AFL-CIO-CLC ("Local 103") respectfully moves for reconsideration of sections 3 (Res Judicata) and 4 (Indemnification) of this Court's Memorandum & Order of August 3, 2005.

1.   Res Judicata.   The defense of res judicata raised by Local 103 is of "claim preclusion" and not merely "issue preclusion." Claim preclusion forecloses litigation not only of matters that have already been litigated but also of matters that should have been advanced in an earlier suit.   Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77, n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (citing Restatement (Second) of Judgments, § 27 and Introductory Note before ch. 3 (1982); Allen v. McCurry, 449 U.S.

90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (same); see also Breneman v. United States ex. rel. the Federal Aviation Administration, 381 F.3d 33, 38 (1st Cir. 2004) (same); Havercombe v. Department of Education of the Commonwealth of Puerto Rico, 250 F.3d 1, 3 (1st Cir. 2001) (same).

As part of the inquiry as to matters that should have been advanced in an earlier suit, the Court should thus consider here whether NetVersant should have raised its state law claim of misrepresentation with its original Petition to Vacate the Arbitration Award, and also whether it should have raised the claim as a counterclaim to Local 103's cross-petition to confirm in the original suit. NetVersant was required to advance the state law claim in the first action, if at all, both: (1) to avoid splitting its cause of action; and (2) to avoid splitting its defenses to Local 103's counterclaim in the first suit.

Federal Rule of Civil Procedure 13(a) requires that if a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, the counterclaim is compulsory and must be raised." Courts and the Restatement of Judgments have explained further that "[a] failure to interpose a counterclaim may act as a bar to a later action 'when the "relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established by the initial action."'" In re Iannochino, 242 F.3d 36, 42 (1st Cir. 2001) (quoting Restatement (Second) of Judgments, § 22(2)(b)(1982) (finding res judicata appropriate where successful malpractice action could impair rights the attorneys had gained from the order awarding them fees and there was a sufficient identity between debtors' malpractice claims against their bankruptcy attorney and their attorney's fee application in the

bankruptcy proceeding precluded debtors under res judicata principles from pursuing legal malpractice claims).

The Seventh Circuit has found such a relationship on facts virtually identical to those alleged here in Rudell v. Comprehensive Accounting Corp., 802 F.2d 926 (7th Cir. 1986), cert. denied, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 521 (1987).  There, a franchisor brought claims in an arbitration proceeding against a franchisee.  Id. at 927.  The franchisee did not appear at the arbitration and the arbitrator issued an award in the franchisor's favor.  Id.  The franchisor brought a petition to confirm the award and the franchisee moved to vacate, raising as one of its objections that the franchise agreement "was procured through fraud and misrepresentation . . ."  Id.  The district court entered judgment confirming the arbitration award, and denied the motion to vacate.  Id.  The Court of Appeals affirmed.  Comprehensive Accounting Corp. v. Rudell, 760 F.2d 138 (7th Cir. 1985).   The franchisee brought a separate court action alleging that the entire franchise agreement was procured by fraud.  Rudell, 802 F.2d at 927.  The district court concluded in the second action that that claim was barred by the doctrine of res judicata, and the Court of Appeals affirmed, explaining that "the present action, if allowed to continue, could undermine rights established in the arbitration and confirmation proceedings" and that "if [the franchisee] were to receive the damages they seek, the monetary judgment [the franchisor] received in arbitration would be meaningless."  Id. at 929-30.

Similarly here, Local 103 prevailed in the underlying arbitration, and sought to confirm the award in federal court.  Like the franchisee, NetVersant argued that the arbitration should be vacated for various including that there allegedly were misrepresentation in the negotiations of the agreement, but it did not raise a state law

- 3 -

misrepresentation claim as a separate claim, counter-claim or defense.  See Petition to Vacate Arbitration Award, ¶¶ 17, 22, 31 (setting forth facts of alleged misrepresentation);[1] Answer to Cross-Petition to Confirm (raising no state law counter-claim to Local 103's Cross-Petition to Confirm);[2] Memorandum of Law in Support of Plaintiff' Opposition to Defendant's Motion for Summary Judgment, at 14-15 (setting forth two pages of argument under the heading "Defendant Is Not Entitled to Summary Judgment Because the Collective Bargaining Agreement Under Which the Joint Conference Committee Acted Was a Product of Apparent Misrepresentations by Representatives of Local 103 to Netversant").[3]  Just as the Rudell case had rejected the motion to vacate and confirmed the arbitration award, the District Court here rejected NetVersant's motion to vacate and confirmed the arbitration award, and in doing so, specifically rejected the argument that the agreement was entered into based on Local 103's purported misrepresentations, and confirmed the arbitration award.  JCI Communications, Inc. v. Int'l Bhd. Of Elec. Workers Union, Local 103, 2002 WL 2005852, *1 (D.Mass. Aug. 29, 2002) (Zobel, J.) (rejecting the claim that the arbitration should be vacated based on the allegation that Local 103 represented at the time of the Letter of Assent that the collective bargaining agreement was being executed in conjunction with the Jurisdictional Agreement).  As in the Rudell case, the Court of Appeals affirmed the District Court.  JCI Communications, Inc. v. International Broth. of Elec., 324 F.3d 42 (1st Cir. 2003).  And as in the Rudell case, if the present action is allowed to continue, it could undermine rights established in the arbitration and confirmation proceedings, and if NetVersant were to receive the damages it seeks, the

---

[1] A copy of this Petition is attached hereto as Exhibit 1.
[2] A copy of NetVersant's Answer to the cross-complaint is attached hereto as Exhibit 2.
[3] A copy of this Memorandum is attached hereto as Exhibit 3.

- 4 -

monetary judgment Local 103 received in arbitration and confirmed in the federal courts would be meaningless.  For the reasons set forth in Rudell and In re Iannochino, NetVersant's action must be barred for failure to raise the misrepresentation claim as a counter-claim in the first action.

The same result should also be reached based on NetVersant's failure to raise the legal theory along with its Petition to Vacate the Arbitration Award.  The critical question in determining whether the claims are related is whether plaintiff's old claim and new claim derive from "a common nucleus of operative facts."  Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004).  In Breneman, in determining whether the claims derived from "a common nucleus of operative facts," the court examined the facts alleged in the complaints filed in each action.  381 F.3d at 38 and n. 8.  A similar analysis of the facts asserted in NetVersant's petition shows that the claim it asserted rested in part on allegations that Local 103 had made misrepresentations concerning the validity of the Jurisdictional Agreement and that NetVersant reasonably relied on those misrepresentations in signing the Letter of Assent to the Local 103 collective bargaining agreement.  See Petition to Vacate Arbitration Award, ¶¶ 17, 22, 31;[4] cf. Third-Party Complaint ¶¶ 16, 22, 25.

Thus, although the Third-Party Complaint offers a different legal theory (and different standard of review) than the Petition to Vacate the Arbitration award, the inquiry "must not be the theoretical raiment in which the claims are robed, but 'whether the underlying facts of both transactions are the same or substantially similar.'"  Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1166 (1st Cir.), cert. denied, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991); see also id. at 1186, quoting Wright & Miller §

---

[4] A copy of this Petition is attached hereto as Exhibit 1.

4411 at 86 ("'A second action may be precluded on the ground that the same claim or cause of action was advanced in the first action even though a different source of law is involved'"). While the petition to vacate included other allegations about the arbitration itself, it also included substantially similar factual allegations regarding the purported misrepresentation claim, as set forth above. As such, it derives from a "common nucleus of operative facts" and should have been raised in connection with NetVersant's original petition.

    2.    Indemnification

Local 103 respectfully requests the Court to reconsider the question of whether a claim of indemnity under Massachusetts' common law right of indemnification in "exceptional" cases may be tested in the first instance on a motion to dismiss.

The common law right of indemnification in <u>all</u> cases, including those under the "exceptional" prong, requires that the person from whom indemnification is sought is liable on a tort theory to the plaintiff in the underlying action, not to the person seeking indemnification. See <u>Economy Engineering Co. v. Commonwealth</u>, 413 Mass. 791, 794 (1992) (discussing issues of relative liability of two tortfeasors toward third party); <u>Rathbun v. Western Massachusetts Electric Co.</u>, 395 Mass. 361, 364 (1985) (indemnification has been permitted from a person who negligently caused injury to a third party where the person seeking indemnification did not join in the negligent act of the other, or in exceptional cases, where the negligence of the person seeking indemnification towards the third party is insignificant compared to the negligence of the indemnitor toward the third party); <u>Cartagena v. Lotus Development Corp.</u>, 2002 WL 1283669, *2-3 (Mass. Super.) (indemnity claim brought against party allegedly liable in tort for underlying plaintiff's personal injury claim); <u>Commonwealth of Massachusetts v.</u>

- 6 -

JEMS of New England, 2002 WL 1839253, *3 (Mass. Super.) (indemnity claim brought against party whose alleged negligence had caused the wrongful act toward the underlying plaintiff); see also Araujo v. Woods Hole Martha's Vineyard Nantucket Steamship Notoriety, 693 E.2d 1, 2 (1st Cir. 1982) ("[t]he theory of common law indemnification is similar to contribution between tortfeasors in that both parties must be liable to the plaintiff")

The question of whether circumstances give rise to an "exceptional" case thus relate only to the question of the relative fault of two tortfeasors towards the plaintiff. Where, as here, the parties are not jointly liable to plaintiff, there can be no claim for indemnification, even under the "exceptional" prong.

I.  **CONCLUSION**

For all of the above reasons, Local 103 requests that the Court grant its motion for reconsideration and dismiss the Third-Party Complaint.

> Respectfully submitted,
>
> INTERNATIONAL BROTHERHOOD OF
> ELECTRICAL WORKERS, LOCAL 103,
>
> By its attorneys,
>
> /s/ Indira Talwani
> Ira Sills, Esq., BBO #462220
> Indira Talwani, Esq. BBO #645577
>
> **SEGAL, ROITMAN & COLEMAN**
> 11 Beacon Street, Suite 500
> Boston, MA 02108
> (617) 742-0208

Dated: August 11, 2005

**Certificate**

Pursuant to Local Rule 7.1(a)(2), Counsel for Third-Party Defendant Local 103 of the International Brotherhood of Electrical Workers certify that on August 4, 2005, I

- 8 -

conferred in good faith in an attempt to resolve or narrow the issues with Steven Kaufman, counsel for Third-Party Plaintiff NetVersant NE.

                                          /s/ Indira Talwani