## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JCI COMMUNICATIONS, INC., d/b/a NETVERSANT-NEW ENGLAND<br><br>        Plaintiff<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 103<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.:

## PETITION TO VACATE ARBITRATION AWARD

Plaintiff JCI Communications, Inc., d/b/a NetVersant-New England, (hereinafter "NetVersant-New England") complains of Defendant as follows:

### NATURE OF THE ACTION

1.      This is a civil action to vacate a labor arbitration award which is brought pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

This Petition arises out of an arbitration award against the Plaintiff, a party to two collective bargaining agreements with two different locals of the same international union. The jurisdiction of the agreements are overlapping in that they each cover telecommunications in the New England area. The jurisdictional conflict was resolved by agreement brokered by the international union in 1998, which allowed for a division of the telecommunications work

between the two locals. One of the locals initiated a grievance under its collective bargaining agreement seeking work which had been allotted to the other local. The arbitration panel failed to acknowledge the international jurisdictional agreement and the collective bargaining agreement of the other local. The panel of arbitrators was comprised of members of the Defendant's union and competitors of the Plaintiff. The arbitration awarded the Defendant union telecommunications work which had belonged to the other non-party local union.

The arbitration panel was necessarily impartial and biased and exceeded its authority. Therefore, this Petition is brought to vacate that award.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and  Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

## VENUE

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). All of the events giving rise to this claim occurred within the jurisdiction of this Court. Plaintiff maintains its principal office within the jurisdiction of this court. The Defendant maintains its principal office within the jurisdiction of this Court and/or its duly authorized officers or agents are engaged in representing or acting for employee members within the jurisdiction of this Court.

## PARTIES

4.      Plaintiff NetVersant-New England's principal place of business is 100 Franklin Street, Boston, Massachusetts. NetVersant-New England is primarily engaged in the business of providing telecommunications delivery and service to residential and commercial customers located within the Commonwealth of Massachusetts and elsewhere. Plaintiff is a

wholly owned subsidiary of NetVersant Solutions located at 777 Post Oak, Suite 400, Houston, Texas 77056.    Robert Feldman is the Executive Vice President of NetVersant-New England, Robert Cunningham is the Labor Relations Manager of NetVersant-New England and Stephen Gillis was the President of JCI Communications, Inc.

   5. Defendant Local Union 103 of the International Brotherhood of Electrical Workers (hereinafter "Local 103") is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers. Local 103 maintains its principal place of business at 256 Freeport Street, Dorchester, Massachusetts 02122. Richard Gambino is the Business Manager of Local 103.

   6. NetVersant-New England has been a member of the Electrical Contractors Association of Greater Boston, Inc., Boston Chapter, National Electrical Contractor's Association some of whose members are engaged in the teledata industry of Greater Boston, (hereinafter "the Electrical Contractor's Association").

   7. The Electrical Contractor's Association entered into a multiemployer Collective Bargaining Agreement with Local 103, (hereinafter "Telecommunications Agreement") on September 1, 1997 and has since continued to deal with Local 103 as its exclusive representative for work covered by the Telecommunications Agreement.  See Exhibit 1.

   8. Section 2.02 of the Telecommunications Agreement recognizes Local 103 as "the sole and exclusive collective bargaining representative of all employees covered by the terms of this Agreement."

   9. Section 2.03 of the Telecommunications Agreement sets out the scope of work covered by the Agreement as follows:

The Agreement shall govern the performance of the following tasks and jobs by the Employer and its employees and which is inherently power limited as defined by the National and State Electrical Code. All inside and outside plant installation, operation, inspection, maintenance repair and service of radio, television, video, recording voice, sound, nurse calls, emergency call, microwave and visual production and reproduction apparatus, equipment and appliances used for domestic, commercial, educational and entertainment purposes; all installation and erection of equipment, apparatus or appliance, cables, fiber optics and/or wire, emergency power [batteries] and all directly related work which becomes an integral part of the telecommunication and/or telecommunication related systems repair and service maintenance work of telecommunications systems and devices including, but not limited to, Private Branch Exchanges (PBX-PABX), Key equipment and associated devices, PCM, T1, and/or telephone related systems, customer-owned or employer-owned. The repair, maintenance and operation of fire alarm holdup alarm, burglar alarm surveillance systems, CCTV, CATV, card access, Systems RS 232 ethernet and/or any local area network system associated with computer installation.

10.     Certain of NetVersant-New England's employees are also represented by Local 2222 of the International Brotherhood of Electrical Workers (hereinafter "Local 2222"). Local 2222 is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers, including employees of NetVersant-New England. Local 2222 maintains its principal place of business at 122 Quincy Shore Drive, North Quincy, Massachusetts 02171. The Business Manager of Local 2222 is Myles Calvey. Robert Morrison is a Business Agent of Local 2222.

11.     Since June 29, 1993, NetVersant-New England, then doing business as "JEMD-COM, INC., has recognized Local 2222 as a representative of its employees. See Exhibit 2. The scope of the work covered by the Local 2222 Agreement is defined in Article 1 and states in relevant part:

This Agreement covers all services and work rendered in connection with the installation, inspection, repair, service and/or

maintenance of Telecommunications Systems (hereinafter, "the Services"). However, this Agreement does not apply to the installation of building power supply outlets that provide external electrical power to said Telecommunications Systems. Nothing contained herein shall limit the right of JCI to use its employees for said Services provided that such work does not conflict with the established jurisdictional rights and privileges of other members of the Union.

12.    The most recent Collective Bargaining Agreement between NetVersant-New England and Local 2222 was automatically renewed on December 31, 1999. See Exhibit 3. Currently, Local 2222 and NetVersant-New England are engaged in a new Collective Bargaining Agreement. The Recognition Clause states:

JCI recognizes the Union as the exclusive bargaining representative with respect to the rates of pay, wages, hours of employment and other conditions of employment for all employees covered by this Agreement. This Agreement shall apply to all locations where JCI, its successors and/or assigns, is performing work and/or is to perform work. This Agreement covers all persons employed in the Collective Bargaining Unit, within the jurisdiction of the New England States.

13.    By letter dated June 29, 1993, the International President of the IBEW, J.J. Barry, approved the Agreement between JEMD-COM, INC. (a former name of JCI) and Local 2222 and sent copies to Paul Loughan, the International Vice President and Myles Calvey, Business Manager of Local 2222. See Exhibit 2.

14.    By letter dated November 4, 1993, Local 103 Business Manager, Russell Sheehan, in publicly acknowledging this relationship, stated that Local 103 was committed to working with Local 2222 in "solidified harmony". See Exhibit 4.

15.    By letter dated November 2, 1993, Local 2222 Business Agent, Robert Morrison, stated that JCI Communications was a member in good standing of Local 2222. See Exhibit 5.

16.    By letter dated March 23, 1998, Local 103 Business Manager, Paul Ward, stated to JCI President Stephen Gillis that he "would continue to work with Local 2222 in order to formalize a jurisdictional agreement in line with our previous discussions and would be willing to sign an Assent form with a side letter on the jurisdictional guidelines." See Exhibit 6. Mr. Ward made statements to Mr. Gillis asserting his intent to stand behind the jurisdictional agreement entered into and more fully described in Paragraph 17.

17.    As a result of overlapping jurisdiction by two locals of the same International Union, the International Brotherhood of Electrical Workers, AFL-CIO, whose principal place of business is 1125 15th Street, NW, Washington, D.C. 2005, entered into an agreement with JCI, Inc. on October 2, 1998. See Exhibit 7. The Jurisdictional Agreement was signed by the International Vice President of the International Brotherhood of Electrical Workers, Frank J. Carroll, who is responsible for governance of the IBEW's 2nd District which covers the New England Region. At all times, Mr. Carroll hold himself out as an authorized representative of the IBEW to enter into and bind the International Union and Locals 103 and 2222 with regard to jurisdictional issues. See Exhibit 8.    Mr. Carroll had apparent authority to bind the IBEW and these two locals in a jurisdictional agreement. This Agreement was signed by JCI as a condition precedent to entering into the Telecommunications Agreement with Local 103, and therefore, any attempt by Local 103 to nullify the agreement gives rise to a claim of misrepresentation.

18.    On January 21, 2002, Local 103 filed charges against NetVersant-New England alleging that it violated the Telecommunications Agreement by *inter alia* giving work to employees who were not members of Local 103. NetVersant-New England showed that it had

continued to assign work as permitted under its agreements and past practices with Local 103 and Local 2222.

19.    Section 1.05 of the Telecommunications Agreement attached as Exhibit 1 contains a procedure for resolution of grievances through a Joint Conference Committee. A Joint Conference Committee is comprised of three members of Local 103 and three employer representatives from the Electrical Contractor Association whose members contract with Local 103. In addition, one secretary is elected to preside over the Joint Conference Committee.

20.    The members of the Joint Conference Committee are:

        (a)    John A. Penney, for the Boston Chapter

        (b)    William G. Seaver, Jr., for the Boston Chapter

        (c)    Glenn W. Kingsbury, for the Boston Chapter

        (d)    Richard P. Gambino, for Local 103

        (e)    John Dumas, for Local 103

        (f)    Gary Walker, for Local 103

The elected secretary of the Joint Conference Committee was Richard Gambino, Business Manager of Local 103.

21.    NetVersant-New England argued to the Joint Conference Committee that:

        (a)    It met its obligations to provide work to Local 103 members;

        (b)    It assigned work to employees in Local 103 and Local 2222 pursuant to its agreements with each local, the jurisdictional agreement with the International Union and past practice;

22.    Local 103 argued to the Joint Conference Committee that NetVersant-New England violated the multi-employer Collective Bargaining Agreement with Local 103 by

giving bargaining unit work to Local 2222 members. Local 103 claimed the jurisdictional agreement with the International Union signed by the International Vice President was unenforceable because it was not signed by the International President. Therefore, Local 103 made statements to NetVersant-New England which were knowingly false and were made in an attempt to get NetVersant-New England to sign the Local 103 Agreement. Those statements were material to NetVersant-New England's decision to sign the Local 103 Agreement. NetVersant-New England reasonably relied upon those statements.

23.    On February 22, 2002, the Joint Conference Committee issued an Award in favor of Local 103. The Award is attached as Exhibit 9.

24.    At no time was Local 2222 made a party to the arbitration.

25.    The panel of the Joint Conference Committee is comprised of employers who are competitors of NetVersant-New England who have all lost job bids to NetVersant-New England.

26.    Because the recognition language of the Telecommunications Agreement with Local 103 overlaps the recognition language of the Collective Bargaining Agreement with Local 2222, the Joint Conference Committee improperly concluded that NetVersant-New England did not have the right to assign work to employees who were not members of Local 103.

27.    The arbitration Award should be vacated because the Joint Conference Committee, without authority or basis in the parties' agreement, acquired additional jurisdiction that is expressly resolved in the 1998 agreement with the International Union, thus exceeding its authority.

28.    The arbitration Award should be vacated because it is beyond the scope of the Joint Conference Committee's authority under the Collective Bargaining Agreement.

According to the Telecommunications Agreement, only Local 103 and the Electrical Contractors Association of Greater Boston are parties to the Agreement. As such, the Joint Conference Committee was without authority to determine questions of overlapping jurisdiction with Local 2222. In addition, the Joint Conference Committee was without jurisdiction to review NetVersant-New England's agreement and recognition of Local 2222. Finally, the Joint Conference Committee was without jurisdiction to nullify the Agreement made with the International on October 2, 1998, attached as Exhibit 7.

29. The arbitration Award should be vacated because the Joint Conference Committee panel is biased and had as its goal an effort to preclude NetVersant-New England from securing major telecommunications contracts in New England.

30. The arbitration Award should be vacated because it is punitive in nature and is the result of the application of the Joint Conference Committee's own brand of industrial justice and punishment of NetVersant-New England for its successful job bids in the New England telecommunications arena.

31. The signing of the Collective Bargaining Agreement with Local 103 was the product of misrepresentations by representatives of Local 103 and therefore, any jurisdictional limitations must be reformed to conform to the promises of the International Union resolving jurisdiction, since failure to reform the jurisdiction would result in damage to NetVersant-New England.

WHEREFORE, Plaintiff NetVersant-New England respectfully requests:

1. That the February 4, 2002 Award of the Joint Conference Committee, which was mailed to NetVersant-New England on February 22, 2002 be vacated;

2. That the Court enter judgment denying the subject grievance;

3.    That the Court award NetVersant-New England costs and fees incurred in this action;

4.    That the Court uphold the validity of the 1998 Jurisdictional Agreement; and

5.    That the Court grant such other relief that may be just and appropriate.

6.    That a hearing be scheduled.

Respectfully submitted,

JACKSON LEWIS SCHNITZLER & KRUPMAN

_____
Herbert L. Turney, Esq., BBO 504980
Christopher M. Bissonnette, Esq., BBO 644878
JACKSON LEWIS SCHNITZLER & KRUPMAN
One Beacon Street, Suite 3300
Boston, Massachusetts  02108
(617) 367-0025

ATTORNEYS FOR PLAINTIFF JCI
Communications, Inc. d/b/a NetVersant-New
England

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of March, 2002, a copy of the foregoing document was served upon Defendant, International Brotherhood of Electrical Workers, Local 103, 256 Freeport Street, Dorchester, Massachusetts, 02122, by first class mail, postage pre-paid.

Jackson Lewis Schnitzler & Krupman