UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JCI COMMUNICATIONS, INC. d/b/a
NETVERSANT-NEW ENGLAND,

    Plaintiff

vs.

INTERNATIONAL BROTHERHOOD OF
ELECTRIAL WORKERS UNION,
LOCAL 103,

    Defendant.

C. A. NO. 02-10537RWZ

---

## PLAINTIFF'S ANSWER TO DEFENDANT'S CROSS PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff JCI Communications, Inc., d/b/a NetVersant-New England ("Plaintiff") for its Answer to Defendant's Cross Petition to Confirm Arbitration Award, states as follows:

1. This is an introductory paragraph that does not require any response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 1.

2. This is an introductory paragraph that does not require any response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 2.

3. Admits that Exhibit A appears to be a letter of assent dated October 1, 1998 but Plaintiff states that the document referenced in Paragraph 3 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms.

4. Admits that Exhibit B appears to be an agreement between Electrical Workers' Union Local 103, I.B.E.W. and Electrical Contractors' Association but Plaintiff states that the document referenced in Paragraph 4 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms.

5.  Admits that the document attached to Defendant's Cross-Petition as Exhibit B includes Section 1.03 but Plaintiff states that the document referenced in Paragraph 5 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms.

6.  Admits that the document attached to Defendant's Cross-Petition as Exhibit B includes provisions for a grievance and arbitration procedure but Plaintiff states that the document referenced in Paragraph 6 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms.

7.  Admits that Exhibit C appears to be a letter dated January 21, 2002 and concerns an alleged claim that was brought by a contractor but Plaintiff states that the document referenced in Paragraph 7 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms. Except as so stated, Plaintiff denies knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

8.  Admits that Exhibit D appears to be a letter dated January 24, 2002 from Glenn W. Kingsbury, Acting Secretary, Joint Conference Committee, to Robert Feldman advising that a meeting of the Joint Conference Committee had been called for February 4, 2002 to hear a grievance brought against JCI Communications/Netversant-New England, Inc. and Plaintiff states that the document referenced in Paragraph 8 speaks for itself.

9.  Admits that the Joint Conference Committee met on February 4, 2002 to hear charges against NetVersant but states that the document referenced in Paragraph 9 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms. Except as so stated, Plaintiff denies Defendant's characterization of the arbitration proceedings and states that the records speaks for itself.

10. Plaintiff states that the documents referenced in Paragraph 10 speak for themselves, and denies any attempt by Defendant to characterize the documents beyond their own terms. Plaintiff further states that to the extent that Local 103 submitted documents to the Joint Conference Committee, Plaintiff states that the record for that Committee speaks for itself.

11. Plaintiff states that to the extent that this paragraph refers to documents or information presented to the Joint Conference Committee, the record for that Committee speaks for itself, and Plaintiff denies any attempt by Defendant to characterize that record.

12. Plaintiff states that to the extent that this paragraph refers to documents or information presented to the Joint Conference Committee, the record for that Committee speaks for itself, and Plaintiff denies any attempt by Defendant to characterize that record.

13. Plaintiff states that to the extent that this paragraph refers to documents or information presented to the Joint Conference Committee, the record for that Committee speaks for itself, and denies any attempt by Defendant to characterize Netversant's evidence or presentation.

14. Plaintiff admits that the Joint Conference Committee issued a decision and award on February 22, 2002 but states that the document referenced in Paragraph 14 speaks for itself, and denies any attempt by Defendant to characterize the document beyond its own terms.

15. Plaintiff denies the allegations in Paragraph 15.

16. Plaintiff admits the allegations in Paragraph 16.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's Cross Petition to Confirm Arbitration Award fails to state claims upon which relief can be granted, because the Award was improperly decided and issued, and is subject to being vacated, for the reasons set forth in Plaintiff's petition.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Cross Petition is barred by the doctrines of waiver, laches, estoppel and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff reserves its right to assert additional affirmative defenses which may later be discovered.

Respectfully submitted,

JCI COMMUNICATIONS, INC. d/b/a
NETVERSANT-NEW ENGLAND,

*/s/ Richard W. Paterniti*
Herbert L. Turney, BBO No. 504980
Andrew C. Pickett, BBO No. 549872
Richard W. Paterniti, BBO No. 645170
JACKSON LEWIS SCHNITZLER & KRUPMAN
One Beacon Street, Suite 3300
Boston, MA 02108
Phone: (617) 367-0025; Fax: (617) 367-2155

Dated: June 7, 2002

### CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June, 2002, a copy of the foregoing document was served upon Ira Sills, Esq., Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108, by first class mail, postage pre-paid.

*/s/ Richard W. Paterniti*
Jackson Lewis Schnitzler & Krupman