UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, Administrator, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10559NMG |
| ) | |
| NETVERSANT-NEW ENGLAND, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| NETVERSANT-NEW ENGLAND, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS, AFL-CIO, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

**MOTION FOR RECONSIDERATION BY THIRD-PARTY DEFENDANT
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO**

Third-Party Defendant International Brotherhood of Electrical Workers, AFL-CIO ("IBEW"), respectfully moves for reconsideration of sections 3 (Res Judicata) and 4 (Indemnification) of the Court's August 3, 2005, Memorandum and Order.

1.  In its motion to dismiss, the IBEW relied, in part, on the doctrine of non-mutual claim preclusion to assert that Third-Party Plaintiff NetVersant-New England, Inc.'s ("NetVersant") misrepresentation claims are barred. (IBEW Memorandum in Support of Motion to Dismiss at 17-18); *see e.g.*, *In re San Juan Hotel Corp.*, 841 F.2d 6, 10 (1st Cir. 1988); *Andrews-Clarke v. Lucent Technologies*, 157 F. Supp. 2d 93, 100 (D. Mass. 2001). As the IBEW explained, NetVersant has alleged a close and significant relationship with respect to the

allegations in this case between the IBEW and IBEW Local 103 – the original defendant/cross-petitioner in the earlier district and appellate court litigation – to warrant the application of the doctrine of res judicata. In its Memorandum & Order, however, the Court did not address the arguments raised by the IBEW, but instead focused solely upon the res judicata defense raised by Local 103. As set forth in Local 103's motion for reconsideration, NetVersant's misrepresentation claim against Local 103 is barred by the doctrine of res judicata. Rather than repeat arguments herein, for the reasons set forth in the IBEW's motion to dismiss, and joint reply brief of the Third-Party Defendants, the misrepresentation claim asserted against the IBEW is also barred by the doctrine of res judicata, *i.e.*, the doctrine of non-mutual claim preclusion. Accordingly, the IBEW respectfully requests that the Court reconsider the non-mutual claim preclusion defense raised by the IBEW.

2. Rather than repeat the argument set forth by Local 103 in its motion for reconsideration concerning part 4 (Indemnification) of the Court's Memorandum & Order, the IBEW adopts and incorporates that argument herein, and respectfully asks that the Court reconsider its ruling with respect to NetVersant's indemnification claim.

## CONCLUSION

For the foregoing reasons, the IBEW requests that the Court grant its motion for reconsideration and dismiss the Third-Party Complaint.

Dated: August 11, 2005                    Respectfully Submitted,


By: /s/Jonathan D. Newman
Jonathan D. Newman
SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, D.C. 20001
(202) 785-9300

Christopher N. Souris (BBO # 556343)
KRAKOW & SOURIS
225 Friend Street, 8th Floor
Boston, MA 02114
(617) 723-8440

Attorneys for the IBEW

## CERTIFICATE PURSUANT TO L.R. 7.1(A)(2)

Pursuant to L.R. 7.1(a)(2), Counsel for Third-Party Defendant International Brotherhood of Electrical Workers certifies that he has conferred with counsel for the Third-Party Plaintiff and has attempted to resolve or narrow the issues.

s/Jonathan D. Newman
_____