United States District Court
District of Massachusetts

| | |
|---|---|
| RUSSELL F. SHEEHAN, as Administrator of the Local 103, I.B.E.W. Health Benefit Plan, the Electrical Workers Pension Fund, Local 103, I.B.E.W., the Electrical Workers Deferred Income Fund, the Joint Apprenticeship and Training Trust Fund, and the Electrical Industry Labor Management Cooperation Trust, | |
| Plaintiff, | Civil Action No. 04-10559-NMG |
| v. | |
| NETVERSANT-NEW ENGLAND, INC., | |
| Defendant, | |
| and | |
| NETVERSANT-NEW ENGLAND, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| LOCAL 103 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., | |
| Third-Party Defendants. | |

MEMORANDUM & ORDER

GORTON, J.

   In the instant labor and ERISA dispute, plaintiff Russell F.

-1-

Sheehan ("Sheehan"), in his role as Administrator of the above-captioned trust funds, alleges that Defendant NetVersant-New England, Inc. ("NetVersant") has failed to make requisite contributions to the funds for hours worked by union employees. NetVersant, in turn, filed a third-party claim for misrepresentation and indemnification against the International Brotherhood of Electrical Workers ("the IBEW"), Local 103 of the IBEW ("Local 103) and representatives of those unions, Frank Carroll ("Carroll") and Paul Ward ("Ward"), respectively. The third-party defendants moved to dismiss the claims against them.

On August 3, 2005, this Court issued a Memorandum and Order allowing the third-party defendants' motions to dismiss NetVersant's claims against Carroll and Ward and Count V, insofar as it alleged a claim for statutory contribution, but denying the motions in all other respects. Third-party defendants now move the Court to reconsider its rulings with respect to <u>res judicata</u> and indemnification and NetVersant opposes those motions to which the Court now turns its attention.

I. **Discussion**

A. **Legal Standard**

Motions for reconsideration are allowed sparingly due to the fact that such motions must cross a high legal threshold. The United States Supreme Court has held that

-2-

>courts should be loathe to [reconsider their decisions] in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice".

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). A court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: 1) an intervening change in the law, 2) the discovery of new evidence not previously available or 3) a clear error of law in the first order. Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)(Young, C.J.). Although they do not say so explicitly, the third-party defendants appear to press their motions for reconsideration on the third of those prongs, arguing that the Court's earlier order worked a clear error of law.

### B. Legal Analysis

The third-party defendants take issue with two of the Court's findings in its Memorandum and Order of August 3, 2005, specifically the Court's findings with respect to res judicata and indemnification. Nevertheless, they offer no legitimate reason why this Court should re-examine its previous ruling.

Another session of this District Court has held that a motion for reconsideration

>is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning.

Davis, 89 F. Supp. 2d at 149 (quoting McCoy v. Macon Water Auth.,

-3-

966 F. Supp. 1209, 1223 (M.D. Ga. 1997)). Rather, on a motion for reconsideration, the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Moreover, a motion for reconsideration cannot be used to rehash arguments presented in the original motion. Davis, 89 F. Supp. 2d at 148-49; In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992)("A motion for reconsideration is not a means by which parties can rehash previously made arguments.") See also Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)("Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court."); Vega v. Hernandez, 381 F. Supp. 2d 31, 35 (D.P.R. 2005).

   The third-party defendants here argue neither that there has been an intervening change in the law nor that new evidence has been discovered that would change the Court's ruling. With respect to their argument that the Court's previous ruling works a clear error of law, their motions for reconsideration do little more than repeat arguments this Court has already heard and rejected, going so far as to cite many of the same cases previously cited in support.

The third-party defendants do not make the strong case, required by a motion for reconsideration, that the Court's previous ruling is a clear error of law that works a manifest injustice. Instead, they simply invite this Court to re-think its decision already made. This is an ineffective use of a motion for reconsideration. See Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)("[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly."). The First Circuit Court of Appeals has stated:

> [M]ere doubt on our part is not enough to open up the point for full reconsideration. Often when the decision is originally rendered, we have doubts enough. We do the best we can, make our decision and pass on to something else.

White v. Higgins, 116 F.2d 312, 317 (1st Cir. 1940). Thus, in the absence of a change in the law, new evidence or a clear and forceful argument by the moving parties that this Court made a clear error of law that works a manifest injustice, this Court concludes that the third-party defendants' motion is not one of those rare instances in which a motion for reconsideration is warranted.

**ORDER**

In accordance with the foregoing, the motions for reconsideration of the third-party defendants (Docket Nos. 78 and 80) are **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated January 11, 2006