UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, Administrator,

Plaintiff,

v.

NETVERSANT-NEW ENGLAND, INC.,
NETVERSANT SOLUTIONS, INC.,
ROBERT FELDMAN, WILLIAM
FIEDLER, RONALD HALE, JR.
AND SCOTT FORDHAM

Defendants,

and

Maiuri Electrical Company, Daisy Electric,
Inc., and Partners HealthCare System, Inc.,

Reach and Apply Defendants,
and

NETVERSANT-NEW ENGLAND, INC.,

Third-Party Plaintiff,

and

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
AFL-CIO, et al,

Third-Party Defendants.

Civil Action No. 04-10559NMG

## CONSENT JUDGMENT AND ORDER OF DISMISSAL

This action having been brought by Plaintiff, Russell F. Sheehan, on behalf of the Local

103, I.B.E.W. Health Benefit Plan; the Electrical Workers Pension Fund, Local 103, I.B.E.W.;

the Electrical Workers Deferred Income Fund, Local 103, I.B.E.W.; the Joint Apprenticeship and

Training Trust Fund, Local 103, I.B.E.W.; and the Electrical Industry Labor-Management

Cooperation Trust (hereinafter referred to in the aggregate as the "Funds"), against Defendants

NetVersant-New England, Inc. ("NV-NE"), NetVersant Solutions, Inc., Robert Feldman,

William Fiedler, Ronald Hale, Jr. and Scott Fordham (hereinafter referred to in the aggregate as

"Defendants") for contributions due under an arbitration award, interest, and damages; and

Defendant NV-NE having brought a third-party action against International Brotherhood of

Electrical Workers, AFL-CIO, Local 103, International Brotherhood of Electrical Workers,

AFL-CIO, Frank Carroll and Paul Ward (hereinafter referred to in the aggregate as "Third-Party

Defendants"); and Carroll and Ward having been dismissed from the third-party action; and

Plaintiff, Defendants and Third-Party Defendants having reached the following agreements:

Plaintiff acknowledges that NV-NE has reached an agreement with Local 103, I.B.E.W.

and Local 2222, I.B.E.W., under which (a) the terms of the collective bargaining agreement

between NV-NE and Local 2222, I.B.E.W. will be applied to NV-NE employees performing

work claimed by Local 103, I.B.E.W., until June 14, 2005, and (b) the terms of the collective

bargaining agreement between NV-NE and Local 103, I.B.E.W. will be applied to such NV-NE

employees on and after June 15, 2005. Defendants acknowledge that certain damages,

heretofore undetermined, are due under the arbitration award for NV-NE's failure to apply the

Local 103 I.B.E.W. collective bargaining agreement for work performed by NV-NE's employees

prior to June 15, 2005.

Plaintiff and Defendants have entered into an agreement setting forth the agreed-upon damages due under the arbitration award and the Local 103, I.B.E.W. collective bargaining agreement and providing for, *inter alia*, the settlement of this action ("Agreement"). A copy of the Agreement is attached as Exhibit A and incorporated herein as though set forth in full.

Amounts paid by the Defendants under the Agreement shall be held initially in an administrative account for the purpose of satisfying any claims for benefits found to be due to NV-NE's employees on account of work performed for NV-NE prior to June 15, 2005, and, subsequently (upon a final resolution that no such benefits are due, or upon the expiration of three years after the date of this judgment, if sooner, unless a claim for benefits is then pending), allocated to the Funds in the following proportions:  Health & Welfare 41.4%; Pension 25.8%; Deferred Income 22.2%; JATC  2.0%; and ELMCT  8.6%.

Defendants and Third-Party Defendants have entered into an agreement pursuant to which the Defendants' have agreed to dismiss their third-party action against the Third-Party Defendants with prejudice.  A copy of the agreement between Defendants and Third-Party Defendants is attached as Exhibit B and incorporated herein as though set forth in full.

Plaintiff, Defendants and Third-Party Defendants now consent to this Judgment and IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. This Court has jurisdiction over the parties and shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment;

2. Judgment is entered in favor of Plaintiff;

3. The Third-Party Complaint is dismissed with prejudice;

4. Upon execution and performance of the Agreement, Judgment will be satisfied; and

5. Each party is to bear his/its own costs and attorneys' fees.

Dated: April 24, 2006

BY: _____
Sophie E. Bryan, Esquire
Attorney for Plaintiff,

BY: _____
Steven A. Kaufman, Esquire

_____
Gordon P. Katz, Esquire
Attorneys for Defendants,

BY: _____
Ira Sills, Esquire

BY: _____
Jonathan D. Newman, Esquire
Attorneys for Third-Party Defendants

SO ORDERED: BY THE COURT: _____

4